**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118
TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL   929.294.2536
DIRECT EMAIL  gtenzer@kaplanhecker.com

January 3, 2024

**VIA ECF**

The Honorable Dale E. Ho
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

> Re:   *John Doe v. Columbia University & Trustees of Columbia University*, No. 23-cv-10393-DEH (S.D.N.Y.), and *John Doe v. Kachalia, et al.*, No. 23-cv-10395-DEH (S.D.N.Y.)

Dear Judge Ho:

      We write on behalf of Defendant The Trustees of Columbia University in the City of New York ("Columbia")[1] in the above-referenced related actions to respectfully request that Columbia be permitted to file a letter with redactions. In accordance with Your Honor's Individual Practice 6(d)(iii), we are publicly filing the letter with the proposed redactions and filing under seal an unredacted version with the proposed redactions highlighted. Because there is a non-Columbia defendant in the *Kachalia* matter, Columbia has filed this letter motion only in *John Doe v. Columbia University & Trustees of Columbia University*, No. 23-cv-10393-DEH (S.D.N.Y.).

      The letter that Columbia seeks to redact relates to a confidential settlement agreement between Plaintiff and Columbia. Columbia therefore seeks to redact the single detail from the parties' settlement agreement that is included in Columbia's letter to the Court. The parties conferred on this request via email from December 20 through December 27, 2023. While counsel for Columbia informed Plaintiff of the nature of the proposed redactions, Plaintiff informed undersigned counsel that without having the opportunity to review the letter in advance of filing, he does not consent to Columbia's request to file the letter with any redactions other than the redaction of his name and personal identifiers.

---

[1] Columbia University is officially incorporated under the name "The Trustees of Columbia University in the City of New York," which is therefore the sole defendant in *John Doe v. Columbia University & Trustees of Columbia University*, No. 23-cv-10393-DEH (S.D.N.Y.), and the Columbia defendant in *John Doe v. Kachalia, et al.*, No. 23-cv-10395-DEH (S.D.N.Y.).

**KAPLAN HECKER & FINK LLP**  2

      Although there is a presumption of public access to judicial documents, courts "must 'balance competing considerations against it'" when determining whether to seal documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (citation omitted). While the fact that the information sought to be redacted here is subject to a confidentiality agreement is not, by itself, sufficient to overcome the presumption in favor of public access, the Second Circuit has recognized that protecting the details of a settlement from public disclosure is appropriate in some circumstances. *See, e.g.*, *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143–44 (2d Cir. 2004) (concluding that transcript including settlement amount should remain under seal or be unsealed with confidential information redacted).

      Here, competing considerations weigh in favor of redacting the sole detail about the parties' confidential settlement agreement included in Columbia's letter to the Court. As an initial matter, Columbia and its students may be reluctant to settle claims in the future if they have reason to believe that what they otherwise understood to be a confidential settlement agreement could later become publicly available. Indeed, honoring the parties' express wish for confidentiality will undoubtedly facilitate settlements, which courts encourage. *Id.* at 143. Moreover, to the extent that students rely on assurances of privacy consistent with university policies in making Title IX reports involving sensitive allegations of sexual harassment and assault, and in bringing and settling Title IX claims based on those same sensitive allegations, as Plaintiff has done here (including by proceeding under pseudonym), allowing students and Columbia to address those matters with narrowly tailored confidentiality is a competing consideration that weighs strongly in favor of redaction.

      For these reasons, Columbia respectfully requests that it be permitted to redact very limited portions of its letter to the Court referring to a single confidential term of the parties' settlement agreement.

                                                                    Respectfully submitted,

                                                                    Gabrielle E. Tenzer

cc:      Plaintiff John Doe (via certified mail & email)

## AFFIRMATION OF SERVICE

I, Gabrielle E. Tenzer, declare under penalty of perjury that on January 3, 2024, I caused to be served a copy of this Letter Motion via electronic and physical mail to the following addresses:

John Doe
PO Box 209
Buffalo, NY 14215
jddoe591@gmail.com

Dated: January 3, 2024
New York, New York

By: _____
Gabrielle E. Tenzer
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
gtenzer@kaplanhecker.com
*Counsel for Defendant*