**UCLA** School of Law

EUGENE VOLOKH
GARY T. SCHWARTZ PROFESSOR OF LAW

SCHOOL OF LAW
BOX 951476
LOS ANGELES, CALIFORNIA 90095-1476
(310) 206-3926
volokh@law.ucla.edu

MEMO ENDORSED

The parties are ORDERED to file a response addressing the issues raised in this letter by **January 26, 2024**. The letter shall not exceed four (4) pages.

The Clerk of Court is directed to mail this Order to pro se Plaintiff.

SO ORDERED.

*[signature]*

DALE E. HO
United States District Judge
Dated: January 10, 2024
New York, New York

The Honorable Dale E. Ho
District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007
Courtroom 905

Re:   *Doe v. Columbia*, 1:23-cv-10393-DEH and *Doe v. Kachalia*, 1:23-cv-10395-DEH

Dear Judge Ho:

This letter brief is submitted by Eugene Volokh, seeking (on his own behalf) to move to intervene and unseal the Complaints in these cases, *Columbia* Dkt. 1; *Kachalia* Dkt. 1, with any necessary redactions of various people's personally identifying information. I e-mailed Mr. Doe on the evening of December 27, at jddoe591@gmail.com (the e-mail address indicated in his Applications to Proceed Without Prepaying Fees or Costs) but have not heard back from him. I discussed the matter with counsel for Columbia on January 3, and they consent to unsealing with redaction of personally identifying information.

On December 6, 2023, this Court granted plaintiff Doe's motion to proceed pseudony-mously in both cases. *See Columbia* Dkt. 6 at 2; *Kachalia* Dkt. 6 at 2. This Court placed the Complaints under seal because of "privacy rights at issue." *Columbia* Dkts. 3, 6. These privacy rights included "serious allegations of sexual assault" and "the full names of mul-tiple students who were allegedly involved in acts of a personal and sensitive nature." *Id.*

**Intervention:** "Representatives of the press . . . 'must be given an opportunity to be heard on the question of their exclusion' from a court proceeding." *Trump v. Deutsche Bank AG*, 940 F.3d 146, 150 (2d Cir. 2019)). "[There is] a similar right of news media to intervene in this Court to seek unsealing of documents filed in a court proceeding." *Id.* (collecting cases). Intervention "is the proper mechanism for a non-party . . . to gain access to infor-mation generated through judicial proceedings." *United States v. Alex. Brown & Sons, Inc.*, 169 F.R.D. 532, 537 (S.D.N.Y. 1996), *aff'd sub nom. United States v. Bleznak*, 153 F.3d 16 (2d Cir. 1998); *see also United States ex rel. Hernandez v. Team Fin., L.L.C.*, 80 F.4th 571, 577 (5th Cir. 2023) ("[i]ntervention is 'the procedurally correct course' for the public to challenge [record-related] restrictions"); *R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 11 (1st Cir. 2009) ("[w]hen a third party essays a challenge to a sealing order, permissive intervention is the procedurally correct vehicle").

Intervention for the limited purpose of unsealing the Complaints is appropriate here, just as permissive intervention to unseal docketed documents for a newspaper was appropriate in *Giuffre v. Dershowitz*, 2021 WL 5233551 (S.D.N.Y. Nov. 10, 2021). Like the newspaper in *Giuffre*, Volokh "has a direct interest in this case as a news organization serving its function in collecting information about a matter of public interest." *Id.* at 5; *see also Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401, 408 (S.D.N.Y. Mar. 21, 2019) ("public interest in sexual assault and discrimination is very high"). Volokh, a law professor who runs the Volokh Conspiracy, a legal blog hosted by Reason Magazine (https://reason.com/volokh/), regularly writes on Title IX issues.[1] Volokh seeks access to the Complaints so he can write and educate the public on a Title IX case involving a prominent university.

Further, intervention in these cases will not "unduly delay or prejudice the adjudication of the rights of the original parties." *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978). Because this intervention is "for the limited purpose of challenging strictures on the dissemination of information," it will not "impede the progress of the litigation." *Schiller v. City of New York*, 2006 WL 2788256, at *3 (S.D.N.Y. Sept. 27, 2006). Here, each case is in its early stages, with few filings on each docket. This Court granted each order to proceed pseudonymously less than a month ago, and as of the date of this letter, defendants have yet to file an answer in either case. *See Columbia* Dkt. 6 at 2; *Kachalia* Dkt. 6 at 2.

**Unsealing:** "[Judicial records] are presumptively public so that the federal courts 'have a measure of accountability' and so that the public may 'have confidence in the administration of justice.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016). "'A complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision.'" *Id.* (quoting *Fed. Trade Comm'n v. Abbvie Prods. LLC*, 713 F.3d 54, 62 (11th Cir. 2013)).

Because the Complaints are "'relevant to the performance of the judicial function and useful in the judicial process,'" they are "[j]udicial records subject to a presumption of public access." *Id.* at 139-40 (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). Under the First Amendment, there is a strong presumption of access because "Complaints have historically been accessible by default, even when they contain arguably sensitive information" and "public access to the complaint and other pleadings

---

[1] *See, e.g.*, Eugene Volokh, *No Absolute Privilege for Accuser's Allegations in High School Sex Misconduct Investigation*, REASON MAG.: THE VOLOKH CONSPIRACY (Nov. 15, 2023), https://reason.com/volokh/2023/11/15/no-absolute-privilege-for-accusers-allegations-in-high-school-sex-misconduct-investigation/; Eugene Volokh, *Discovery of Comparator Incidents Available in Title IX Wrongful-Discipline Cases*, REASON MAG.: THE VOLOKH CONSPIRACY (Sept. 28, 2023), https://reason.com/volokh/2023/09/28/discovery-of-comparator-incidents-available-in-title-ix-wrongful-discipline-cases/; Eugene Volokh, *Title IX Sexual Assault Cases and Extraterritoriality*, REASON MAG.: THE VOLOKH CONSPIRACY (Mar. 28, 2023), https://reason.com/volokh/2023/03/28/title-ix-sexual-assault-cases-and-extraterritoriality/.

January 3, 2024
Page 3

has a 'significant positive role' . . . in the functioning of the judicial process." *Id.* at 141 (quoting *Lugosch*, 435 F.3d at 120). Under common law, because the Complaints are "highly relevant to the exercise of Article III judicial power," "the presumption of access is at its zenith." *Id.* at 142.

To overcome the First Amendment right of access, plaintiff must "demonstrat[e] that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 144 (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). "'Broad and general findings' and 'conclusory assertion[s]' are insufficient to justify deprivation of public access to the record[;] 'specific, on-the-record findings' are required." *Id.* (quoting *United States v. Erie Cnty.*, 763 F.3d 235, 243 (2d Cir. 2014)). For sealing to be narrowly tailored, plaintiff must prove that "reasonable alternatives" to their pre-access review process cannot "adequately protect" his asserted interests. *Courthouse News Serv. v. Gabel*, 2021 WL 5416650, at *15 (D. Vt. Nov. 19, 2021). In particular, a court must consider "whether redaction was a reasonable alternative to sealing the entire complaint." *IDT Corp. v. eBay*, 709 F.3d 1220, 1224 (8th Cir. 2013).

This Court has already dealt with plaintiff's privacy concerns by allowing him to proceed pseudonymously. In this respect, this case is like *Davis v. Rumsey Hall Sch., Inc.*, 2023 WL 6379305 (D. Conn. Sept. 29, 2023), where a document "contain[ed] highly relevant fact[s]" and thus should not have been placed under seal. *Id.* at 3 n.3. Like the court in *Davis*, here this Court has already "accommodated the countervailing consideration of privacy for [the] alleged victim[] of sexual abuse by omitting [the] alleged victim['s] name[]." *Id.*; *Brown v. Maxwell*, 929 F.3d 41, 48 n.22 (2d Cir. 2019) (unsealing summary judgment materials with "redact[ions] of the names of alleged minor victims of sexual abuse from deposition testimony and police reports, as well as deposition responses concerning intimate matters where the questions were likely only permitted—and the responses only compelled—because of a strong expectation of continued confidentiality"); *see also M.P. v. Schwartz*, 853 F. Supp. 164, 169 (D. Md. 1994) (making "the full 49 pages of the Complaint [involving child abuse] . . . available to [a news reporter], with only the names of the Plaintiffs redacted").

It appears likely that the Complaint can thus be unsealed, with at most modest redactions of, for instance, "identifying information that could 'allow a reasonable person who does not have personal knowledge of the relevant circumstances to identify with reasonable certainty individuals who have alleged they were victims.'" *Davis*, 2023 WL 6379305, at *3 n.3 (cleaned up). This may include the personal identifying information of those involved in the alleged assault or of third parties. *United States v. Doe*, 63 F.3d 121, 128 (2d Cir. 1995).

The same applies under the common law right of access, where "the crux of the weight-of-the-presumption analysis [is] balancing the value of public disclosure and 'countervailing factors' such as . . . 'the privacy interests of those resisting disclosure.'" *Bernstein*, 814 F.3d at 143 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Here,

January 3, 2024
Page 4

the privacy issues found by this Court do not outweigh the presumption of public access, which is "at its zenith" for the Complaints. *Id.* at 142. Because "[t]here is significant overlap between the common law countervailing factors and First Amendment higher values that weigh in favor of sealing, and courts often do not distinguish between the two," the argument under common law for narrow redaction instead of sealing the Complaints is substantially similar to the First Amendment analysis above. *Dawson v. Merck & Co.*, 2021 WL 242148, at *7 (E.D.N.Y. Jan. 24, 2021).

\* \* \*

Volokh has both a First Amendment and common law right of access to the Complaints, as they are judicial records central to the adjudication of the case. Plaintiff's privacy rights do not justify the shielding of the entirety of the Complaints from public view, especially considering his ability to proceed pseudonymously. For the reasons articulated above, Volokh moves to intervene to unseal the Complaints, subject to any necessary redactions of personally identifying information.

Respectfully submitted,

s/ Eugene Volokh
Pro Se
Gary T. Schwartz Professor of Law
UCLA School of Law
385 Charles E. Young Dr. E
Los Angeles, CA 90095
(310) 206-3926
volokh@law.ucla.edu

**Certificate of Service:** I have e-mailed this today, January 3, 2024, to jddoe591@gmail.com and to counsel for defendants, gtenzer@kaplanhecker.com, and sent it by U.S. mail to:

John Doe
P.O. Box 209
Buffalo, NY 14215

s/ Eugene Volokh