**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL      212.763.0883
DIRECT EMAIL    gtenzer@kaplanhecker.com

January 18, 2024

**VIA ECF**

The Honorable Dale E. Ho
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

> Re: *John Doe v. Columbia University & Trustees of Columbia University*, No. 23-cv-10393-DEH (S.D.N.Y.) ("*Doe v. Columbia*"), and *John Doe v. Kachalia, et al.*, No. 23-cv-10395-DEH (S.D.N.Y.) ("*Doe v. Kachalia*")

Dear Judge Ho:

We write on behalf of Defendant Trustees of Columbia University in the City of New York ("Columbia") to bring to the Court's attention Chief Judge Swain's January 10, 2024 *sua sponte* dismissal of Plaintiff's complaint in *Doe v. Hunter*, No. 23-cv-10394 (S.D.N.Y.) ("*Doe v. Hunter*"), ECF 5, which is based on the same facts as *Doe v. Columbia* against different defendants—namely, several former Columbia students and their parents. Applying the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), Chief Judge Swain concluded that Plaintiff failed to sufficiently plead his sole claim under federal law, and that the Court lacked diversity jurisdiction over his remaining state law claims. *Doe v. Hunter*, ECF 5 at 14.

Pursuant to the *in forma pauperis* statute, the complaints in the above-captioned matters should be dismissed as well. That statute allows courts to dismiss "at any time" *in forma pauperis* actions that are frivolous or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). This statutory requirement "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

With respect to *Doe v. Columbia*, courts in this Circuit routinely dismiss *in forma pauperis* pro se cases attempting to bring claims that were previously dismissed with prejudice. *See, e.g.*, *Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204 (2d Cir. 2002) (affirming *sua sponte* dismissal under *in forma pauperis* statute where plaintiff previously brought different claims based on same facts against same defendants); *Corley v. Farrell*, No. 18-cv-0763, 2018 WL 10373028 (S.D.N.Y. May 9, 2018) (McMahon, J.) (dismissing pro se *in forma pauperis* complaint *sua sponte* when claims were barred by res judicata); *Dudley v. City of N.Y.*, No. 17-cv-1092, 2017 WL 4350592 (S.D.N.Y.

KAPLAN HECKER & FINK LLP                                                                                      2

July 19, 2017) (McMahon, J.) (same); *Bussa v. A Very Special Place, Inc.*, No. 14-cv-6479, 2014 WL 7271597 (E.D.N.Y. Dec. 18, 2014) (Amon, J.) (same). Plaintiff himself acknowledges that he previously filed these exact same claims against Columbia in December 2019. *See* Compl. at 1, *Doe v. Columbia*, ECF 1; *see also* Redacted and Pseudonymized Compl., *Doe v. Columbia Univ. & Trs. of Columbia Univ.*, No. 19-cv-11328-JPO (S.D.N.Y.), ECF 24. The parties settled those claims, they were dismissed with prejudice, and Judge Oetken ordered the case closed in May 2020. *See Doe v. Columbia*, ECF 1 at 1; Order to Close Case, *Doe v. Columbia Univ. & Trs. of Columbia Univ.*, No. 19-cv-11328-JPO, ECF 32. Refiling the same exact claims that have already been settled and dismissed, as Plaintiff has done here in *Doe v. Columbia*, needlessly taxes the resources of the parties and this Court. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980) ("[R]es judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits [and] conserve judicial resources."). And while the *Kachalia* case has different facts and different parties, the claims against Columbia in that case similarly implicate the parties' settlement agreement. *See* Ltr. to Judge Ho from G. Tenzer, *Doe v. Columbia*, ECF 12 & 13.

Moreover, both of Plaintiff's complaints here suffer from similar fatal deficiencies that caused Chief Judge Swain to dismiss Plaintiff's complaint in *Doe v. Hunter*. Among other things, even putting aside the parties' settlement agreement, New York's Adult Survivors Act, on which Plaintiff relies in both complaints, does not revive his federal claims. *See Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 108–11 (2d Cir. 2023) (holding that New York's Child Victims Act does not revive or toll Title IX or § 1983 claims); *Austin v. Fordham Univ.*, No. 21-cv-6421, 2022 WL 4626485, at *11 n.6 (S.D.N.Y. Sept. 30, 2022) (Oetken, J.) (describing Child Victims Act as "analogous" to Adult Survivors Act in the context of the statutes' applicability to federal claims).[1] Accordingly, this Court lacks federal question jurisdiction in both actions. And because Doe and Columbia are both citizens of New York, *see, e.g.*, *Doe v. Columbia*, ECF 1 ¶¶ 21–22, the Court lacks diversity jurisdiction over Doe's state law claims in both actions. *Cf. Doe v. Hunter*, ECF 5 at 14 (dismissing Doe's federal claim for failure to state a claim and his state law claims to the extent asserted under diversity jurisdiction, and declining to exercise supplemental jurisdiction).[2]

Given the above, Columbia respectfully requests that the Court's January 4, 2024 Order in *Doe v. Columbia*, ECF 14, and the Court's January 9, 2024 Order in *Doe v. Kachalia*, ECF 13, be held in abeyance while the Court considers dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) or, in the alternative, that the parties be required to submit only a joint letter and items 1–4 and 13 in the proposed Civil Case Management Plan and Scheduling Order in *Doe v. Columbia* in advance of the conference currently scheduled to take place before Your Honor on February 13, 2024. Given the many serious preliminary issues outlined above and the parties' prior settlement, Columbia respectfully requests that the parties not be required to negotiate and propose discovery deadlines

---

[1] Without revival under the Adult Survivors Act, Plaintiff's federal claims—based on events occurring in 2012, 2013, and 2015 in *Doe v. Columbia*, *see* ECF 1 ¶¶ 33–79, 81–91, 105–108, and on events occurring in 2014 in *Doe v. Kachalia*, *see* ECF 1 ¶¶ 24–38—are untimely (as they were when Plaintiff filed some of them in 2019). *See, e.g.*, *Austin*, 2022 WL 4626485, at *4 (noting three-year statute of limitations applied to Title IX claims).

[2] Although a pro se litigant generally receives an opportunity to amend where "a liberal reading of the complaint gives any indication that a valid claim might be stated," *McKeown v. N.Y. State Comm'n on Jud. Conduct*, 377 F. App'x 121, 122 (2d Cir. 2010), where such an amendment would be futile, as would be the case here, courts routinely dismiss pro se *in forma pauperis* complaints without leave to replead, *see, e.g.*, *Corley*, 2018 WL 10373028, at *3; *Dudley*, 2017 WL 4350592, at *3; *Bussa*, 2014 WL 7271597, at *3.

**KAPLAN HECKER & FINK LLP**

3

or address related issues at this juncture. Columbia seeks to avoid needlessly expending this Court's and the parties' resources where these actions are ripe for expeditious disposition. *See Doe v. Columbia*, ECF 12 & 13.[3]

Recognizing that these two cases already present a number of early procedural issues, even despite the parties' prior settlement of these claims, Columbia respectfully submits that another option to conserve judicial resources would be for the Court to refer the parties to Magistrate Judge Moses to address any issues that the Court deems appropriate.

Respectfully submitted,

Gabrielle E. Tenzer

cc:     Plaintiff John Doe (via mail & email)

---

[3] As for the Court's orders concerning Professor Volokh's letter motion to unseal the complaints, *see* Mem. Endorsement Ordering Resp., *Doe v. Columbia*, ECF 16; Mem. Endorsement Ordering Resp., *Doe v. Kachalia*, ECF 14, Columbia consents to the unsealing of the complaints in these actions with appropriate redactions, as is reflected in Professor Volokh's letter motion, *see Doe v. Columbia*, ECF 16 at 1; *Doe v. Kachalia*, ECF 14 at 1. It is Columbia's position that the complaint in *Doe v. Columbia* should be redacted in exactly the same manner as was ordered by the Court when the same complaint was originally filed in 2019. *See Doe v. Columbia Univ. & Trs. of Columbia Univ.*, No. 19-cv-11328-JPO, ECF 24. Columbia has reached out to Plaintiff concerning these redactions with the intent of submitting a joint proposal to the Court by January 26, 2024.

**AFFIRMATION OF SERVICE**

I, Gabrielle E. Tenzer, declare under penalty of perjury that on January 18, 2024, I caused to be served a copy of this Letter via electronic and physical mail to the following addresses:

John Doe
PO Box 209
Buffalo, NY 14215
jddoe591@gmail.com

Dated: January 18, 2024
New York, New York

By: _____
Gabrielle E. Tenzer
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
gtenzer@kaplanhecker.com
*Counsel for Defendant*