

**In Re: Request for Further Extension of Deadline in Case No. 1:23-cv-10395-DEH, Judge Dale E. Ho**

John Doe, Pro Se Plaintiff,
v. Columbia University et al.

Columbia University, Defendant

**MOTION FOR FURTHER EXTENSION OF DEADLINE**

Plaintiff, John Doe, pro se, respectfully requests a further 60-day extension of the March 26, 2024 deadlines (*in response to non-party UCLA Law Professor Eugene Volokh's letter to unseal*) [ECF 16] and (*in response to Defendant Columbia's letter regarding dismissal captioned "Dismissal of Plaintiff's Complaint in Doe v. Hunter"*) [ECF 18].

This request is necessitated by the continuing debilitating effects of a concussion sustained, as documented in my prior motion for extension [ECF 19].

**Grounds for Extension:**

- **Persistent Medical Challenges:** Despite diligent adherence to my treatment plan, the cognitive and physical effects of my traumatic brain injury persist. Symptoms include impaired concentration, headaches and debilitating fatigue among others that continue to severely impede my ability to focus, process complex legal materials, and formulate essential responses to the Defendant's motion.
- **Medical Documentation:** If ordered, I will provide updated medical documentation from my treating physicians to substantiate the ongoing nature of my condition and its impact on my ability to meet the March 26 deadline.
- **Second Circuit Precedent:** The Second Circuit recognizes the legitimacy of extensions due to significant medical hardship. Relevant cases include:
    - **Lieber v. Spira, 23-CV-6932 (LTS) (S.D.N.Y. Jan. 8, 2024):** This court granted a second 60-day extension based on a party's medical condition.

**Pro Se Status and Prejudice:**

- **Pro Se Litigant:** My pro se status further compounds the difficulties I face due to my medical condition. Without legal counsel, I bear the entire burden of research, analysis, and formulating responses.
- **No Prejudice to Defendant:** A brief extension would not cause undue prejudice to the Defendants. The overall progress of the case would not be significantly delayed.

**Conclusion**

Granting this further extension is an act of both compassion and judicial fairness. My medical condition is beyond my control and continues to obstruct my ability to represent myself

effectively. I remain committed to this case and will use the requested time to overcome my health challenges and diligently prepare my responses in 60 days.

Respectfully submitted,

/s/ John Doe
Pro Se Plaintiff

jddoe591@gmail.com

Application **GRANTED**.

Plaintiff shall file the responses by **May 27, 2024**. *See John Doe v. Columbia University et al*, No. 23 Civ. 10393, ECF Nos. 16 and 18.

Plaintiff is advised that in light of the significant extensions, *see John Doe v. Columbia University et al,* No. 23 Civ. 10393, ECF No. 19, any further extensions may be denied absent a showing of extraordinary circumstances.

The Clerk of Court is directed to close ECF No. 19 and mail this Order to the pro se Plaintiff.

SO ORDERED.

Dale E. Ho
United States District Judge
Dated: March 28, 2024
New York, New York