# UCLA School of Law

EUGENE VOLOKH                                                                                    SCHOOL OF LAW
GARY T. SCHWARTZ PROFESSOR OF LAW                                                                  BOX 951476
                                                                                LOS ANGELES, CALIFORNIA 90095-1476
                                                                                                (310) 206-3926
                                                                                            volokh@law.ucla.edu

The Honorable Dale E. Ho
District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007
Courtroom 905
Via Pro_Se_Filing@nysd.uscourts.gov

Re:   Reply to plaintiff's opposition to Eugene Volokh's motion to unseal in *Doe v. Columbia*, 1:23-cv-10393-DEH and *Doe v. Kachalia*, 1:23-cv-10395-DEH

June 3, 2024

Dear Judge Ho:

**1.** Plaintiff essentially seeks to litigate this case in secret, by having the Complaints entirely sealed away from the public. The complaint is "the cornerstone of every case [and] the very architecture of the lawsuit," *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016), so sealing it will presumably also require the redaction of significant parts of the motions in this case, as well as the closing of hearings. But American civil cases are litigated in public. The public is entitled to "monitor the work of the federal courts," *id.* at 143, especially by being able to read the complaint, *id.* Entirely sealing the Complaints cannot be "narrowly tailored," *id.*, to any "higher values," *id.*

By allowing pseudonymity, this Court has already "accommodated the countervailing consideration of privacy for the alleged victim of sexual abuse by omitting the alleged victim's name." *Davis v. Rumsey Hall Sch., Inc.*, 2023 WL 6379305, at *3 n.3 (D. Conn. Sept. 29, 2023) (cleaned up). Plaintiff alleges that "the detailed nature of these allegations themselves could lead to the identification of [plaintiff], even if names are redacted." ECF 25 at 2. But this concern can largely be allayed by modest redactions of "identifying information that could 'allow a reasonable person who does not have personal knowledge of the relevant circumstances to identify with reasonable certainty individuals who have alleged they were victims.'" *Davis*, 2023 WL 6379305, at *3 n.3 (cleaned up). Like the memorandum in *Davis*, the Complaints contain "highly relevant factual descriptions" necessary for understanding the nature of the case, *id.*, and thus this Court "[should ]not find that the sealing" of those filings "is warranted," *id.*

June 3, 2024
Page 2

And to the extent that there is some risk that someone could identify plaintiff despite his being allowed to proceed pseudonymously, and despite any modest redactions to the Complaints that may be ordered, that is a necessary consequence of the public nature of American civil litigation. "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). Indeed, none of the cases plaintiff cites in support of sealing the Complaints actually sealed the complaints—rather, they discuss only the possibility of pseudonymous litigation. *See Doe v. Townes*, 2020 WL 2395159, at *1 (S.D.N.Y. May 12, 2020) (denying a motion to proceed pseudonymously); *Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401, 403 (S.D.N.Y. 2019) (same); *Doe v. Colgate Univ.*, 2016 WL 1448829, at *1 (N.D.N.Y. Apr. 12, 2016) (granting a motion to proceed pseudonymously).

For these reasons, sealing the Complaints would be inconsistent with both the First Amendment right of access and the common law right of access. Even under the common law right of access, plaintiff's privacy concerns do not outweigh the presumption of public access, which is "at its zenith" for the Complaints. *Bernstein*, 814 F.3d at 142.

**3.** Finally, the right of access applies throughout the litigation, including "its early stages," ECF 25 at 4. "The public cannot properly monitor the work of the courts with long delays in adjudication based on secret documents." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 127 (2d Cir. 2006). Indeed, the Second Circuit has "emphasize[d] the importance of immediate access where a right to access is found." *Id.* at 126. "[T]he press and public enjoy a First Amendment right of access to newly filed civil complaints." *Courthouse News Serv. v. Schaefer*, 2 F.4th 318, 328 (4th Cir. 2021). The right of access "attaches when a complaint is filed." *Courthouse News Serv. v. New Mexico Admin. Off. of Cts.*, 53 F.4th 1245, 1263 (10th Cir. 2022); *see also Courthouse News Serv. v. Planet*, 947 F.3d 581, 585 (9th Cir. 2020) ("[T]he press has a qualified right of timely access to newly filed civil nonconfidential complaints that attaches when the complaint is filed."); *Courthouse News Serv. v. Gabel*, 2021 WL 5416650, at *9 (D. Vt. Nov. 19, 2021) ("public right of access generally attaches when a newly filed civil complaint is received by a court"). The rule may be different for certain categories of state cases, such as "domestic violence or child abuse complaints," that are made confidential by court rule, *Courthouse News Serv. v. New Mexico Admin. Off. of Cts.*, 53 F.4th at 1252, 1262, but those categories are not present here.

* * *

Volokh has both a First Amendment and common law right of access to the Complaints, as they are judicial records central to the adjudication of the case. Plaintiff's privacy rights do not justify the shielding of the entirety of the Complaints from public view, especially considering his ability to proceed pseudonymously. The Complaints should therefore be unsealed, with whatever modest redactions may be necessary.

        Respectfully submitted,

        s/ <u>Eugene Volokh</u>

        Pro Se
        Gary T. Schwartz Professor of Law
        UCLA School of Law
        385 Charles E. Young Dr. E
        Los Angeles, CA 90095
        (310) 206-3926
        volokh@law.ucla.edu

**Certificate of Service:** I have e-mailed this today, June 3, 2024, to jddoe591@gmail.com and to counsel for defendants, gtenzer@kaplanhecker.com, and sent it by U.S. mail to
    John Doe
    P.O. Box 209
    Buffalo, NY 14215.

        s/ <u>Eugene Volokh</u>