**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63ʳᴰ FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL      212.763.0883
DIRECT EMAIL     gtenzer@kaplanhecker.com

June 14, 2024

**VIA ECF**

The Honorable Dale E. Ho
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      Re:    *John Doe v. Columbia University & Trustees of Columbia University*, No. 23-cv-10393-DEH (S.D.N.Y.), and *John Doe v. Kachalia*, No. 23-cv-10395-DEH (S.D.N.Y.)

Dear Judge Ho:

On behalf of Defendant Trustees of Columbia University in the City of New York ("Columbia"), we write in response to Plaintiff's response (ECF 24) to Columbia's letter dated January 18, 2024 ("Letter," ECF 17).[1] Columbia also provides a brief response to Plaintiff's Response in Opposition to Third-Party Motion to Unseal (ECF 25).[2]

**I.**    **The Complaints Should Be Dismissed Pursuant to 28 U.S.C. § 1915(e)(2)(B)**

As outlined in Columbia's Letter, Plaintiff's complaints should be dismissed under the *in forma pauperis* statute since, as explained below, further proceedings would needlessly tax the resources of the parties and this Court. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

First and most fundamentally, the Court should not engage further because Plaintiff's claims in *Doe v. Columbia* were settled and dismissed with prejudice in 2020 and his claims in *Doe v. Kachalia* similarly implicate the parties' settlement agreement. *See* Ltr. to Judge Ho from G. Tenzer, ECF 12 & 13. Critically, Plaintiff nowhere denies that this settlement actually occurred. *See* ECF 24 at 4–5, 11.

While Plaintiff argues that the parties' prior settlement is somehow unenforceable because of unconscionability and mutual mistake, *see id.* at 7–11, Plaintiff did not actually plead those

---

[1] Although Plaintiff has styled his filing as "Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss," *see* ECF 24, Columbia has yet to file a motion to dismiss in either of the above-captioned actions.

[2] Except as otherwise specified, all ECF references in this letter are to the docket in *Doe v. Columbia*, No. 23-cv-10393.

claims in his complaints. The only mention of the settlement agreement, with respect to which he was represented by counsel, is Plaintiff's statement that he is "submit[ting] this action in contention of the settlement agreement that followed the first initiation of this action against Columbia University on the grounds that it was and is unconscionable." Compl., ECF 1 at 1.  Even the forgiving standards that apply to *pro se* plaintiffs do not allow a plaintiff to state a cause of action this way. *See, e.g.*, *Doe v. Hunter*, No. 1:23-cv-10394, 2024 WL 113556, at *1 (S.D.N.Y. Jan. 10, 2024) ("[T]he 'special solicitude' in *pro se* cases has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure.") (internal citation omitted). In any event, any claims concerning the settlement agreement would be state law claims over which, as discussed below, this Court should refrain from exercising jurisdiction.

Although Plaintiff argues that the New York Adult Survivors Act (the "ASA") revives claims that have already been settled, *see* ECF 24 at 11–15, there is no legal authority for this proposition. *See, e.g.*, *In re Roman Cath. Diocese of Rockville Ctr., N.Y.*, 650 B.R. 58, 73–74 (Bankr. S.D.N.Y. 2023) (Child Victims Act did not revive released claims);[3] *M.M. v. Church of Our Lady of the Annunciation*, 162 N.Y.S.3d 598, 601 (3d Dep't 2022) (same); *see also, e.g.*, *Reed v. Chisolm, C.R.N.A.*, No. 711440/2023, 2023 WL 6368375, at *2–3 (N.Y. Sup. Ct. Queens Cnty. Aug. 14, 2023) (ASA did not revive dismissed claim). Not surprisingly, the authorities cited by Plaintiff do not even mention the applicability of the ASA to claims that have already been settled. *See* ECF 24 at 12.

But that is not all.  Even if the Court were willing to overlook the parties' prior executed settlement agreement as Plaintiff requests, the Court would still have to dismiss the complaints for lack of subject matter jurisdiction. There is no federal question jurisdiction here; indeed, Plaintiff admits that his federal claims are untimely and are not revived by the ASA. *See* ECF 24 at 15; *see also* ECF 17 at 2 n.1; *Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 108–11 (2d Cir. 2023). And there is no diversity jurisdiction either since there is no diversity of citizenship: Plaintiff and Columbia are both residents of New York.  *See, e.g.*, ECF 1 ¶¶ 21, 22; *see also* ECF 17 at 2. Moreover, there certainly is no basis for the Court to exercise supplemental jurisdiction since where, as here, "only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Manley v. HRA/DSS*, No. 24-cv-1635, 2024 WL 1555659, at *4 (S.D.N.Y. Apr. 10, 2024) (Ho, J.) (citation omitted).

To the extent that Plaintiff seeks leave to amend his complaints to add causes of action under Title IX and the Equal Protection Clause, *see* ECF 24 at 6, 16, any such amendments would be futile. *See, e.g.*, *MacEntee v. IBM*, 783 F. Supp. 2d 434, 446 (S.D.N.Y. 2011) (denying *pro se* plaintiff leave to amend where proposed claim was "wholly insufficient to survive a 12(b)(6) motion"), *aff'd*, 471 F. App'x 49 (2d Cir. 2012). Because Plaintiff was no longer a student at Columbia when he allegedly made his report in 2023, *see* ECF 1 ¶ 26; ECF 24 at 14, he obviously could not have been deprived of educational benefits as of that time, *see Doe v. Trs. of Columbia Univ. in City of N.Y.*, No. 21-cv-5839, 2023 WL 4211031, at *7 (S.D.N.Y. June 27, 2023) (plaintiff failed to sufficiently plead a Title IX claim where the alleged deprivation of educational opportunities pre-dated the plaintiff's alleged report to the university), *aff'd*, No. 23-960, 2024 WL

---

[3] New York's ASA and Child Victims Act ("CVA") are "analogous" statutes with identical relevant language, and courts look to the CVA in interpreting the ASA. *Austin v. Fordham Univ.*, No. 21-cv-6421, 2022 WL 4626485, at *11 n.6 (S.D.N.Y. Sept. 30, 2022); *see also, e.g.*, *Wilkie v. Vill. of Hempstead*, No. 22-cv-00920, 2023 WL 5952056, at *8 (E.D.N.Y. June 20, 2023).

KAPLAN HECKER & FINK LLP

3

2013717 (2d Cir. May 7, 2024). And because Columbia is a private university, there is no state action for purposes of the Equal Protection Clause. *See, e.g.*, *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995).

## II. If Unsealed, Documents in these Cases Should Be Redacted

Columbia does not oppose unsealing the complaints, or any other documents filed in these cases, so long as (1) current and former students' personally identifying information and (2) any references to the contents of the parties' confidential settlement agreement are appropriately redacted. *See* ECF 17 at 3 n.3; ECF 11. The Court has already granted Plaintiff's request to proceed under pseudonym, ECF 6 at 2–3, and other non-party students should similarly be protected since they too have a privacy interest due to the sensitive subject matter of the litigation. *See e.g.*, *Doe v. Sarah Lawrence Coll.*, No. 22-cv-05905, 2022 WL 2866473, at *2 (S.D.N.Y. July 20, 2022) (permitting plaintiff to use a pseudonym for himself and for the alleged student victim in case involving allegations of sexual assault); Order of Service, *Doe v. Columbia Univ. & Trs. of Columbia Univ.*, No. 19-cv-11328 (S.D.N.Y.), ECF 9 at 4 (directing Clerk to seal Plaintiff's complaint in the prior action because it included "the full names of multiple students allegedly involved in acts of a personal and sensitive nature, including the two students who allegedly sexually and physically assaulted him"). As for protecting the details of the parties' settlement from disclosure, doing so helps to promote settlement, especially in cases like this involving sensitive allegations, where confidentiality is particularly important to the parties. *See* ECF 11 at 2; *see also Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143–44 (2d Cir. 2004) (concluding that transcript including settlement amount should remain under seal or be unsealed with confidential information redacted).

Back in January 2024, counsel for Columbia provided Plaintiff with proposed limited redactions to the *Columbia* Complaint consistent with the redactions in Plaintiff's prior action. *See* ECF 17 at 3 n.3; *see also* Redacted and Pseudonymized Compl., *Doe v. Columbia Univ. & Trs. of Columbia Univ.*, No. 19-cv-11328 (S.D.N.Y.), ECF 24. Although we did not receive a response from Plaintiff, Columbia is prepared to try again to meet and confer with Plaintiff concerning redactions. Alternatively, if the Court prefers, we could propose redactions directly to the Court. With respect to *Kachalia*, Columbia respectfully suggests that the discussion of any redactions there should await service having been made on the other defendant in that action.

Respectfully submitted,

Gabrielle E. Tenzer

cc:   Plaintiff John Doe (via mail & email)

## AFFIRMATION OF SERVICE

I, Gabrielle E. Tenzer, declare under penalty of perjury that on June 14, 2024, I caused to be served a copy of this Letter via electronic and physical mail to the following addresses:

John Doe
PO Box 209
Buffalo, NY 14215
jddoe591@gmail.com

Dated: June 14, 2024
New York, New York

By: _____
Gabrielle E. Tenzer
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
gtenzer@kaplanhecker.com
*Counsel for Defendant*