**Hecker Fink LLP**

350 FIFTH AVENUE | 63 RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.HECKERFINK.COM

DIRECT DIAL     929.294.2536
DIRECT EMAIL    gtenzer@heckerfink.com

July 1, 2024

**VIA ECF**

The Honorable Dale E. Ho
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

The Honorable Laura Taylor Swain
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

> Re: *Doe v. Columbia University*, No. 23-cv-10393-DEH (S.D.N.Y.), *Doe v. Hunter*, No. 23-cv-10394-LTS (S.D.N.Y.), and *Doe v. Kachalia*, No. 23-cv-10395-DEH (S.D.N.Y.)

Dear Judge Ho and Judge Swain:

On behalf of Defendant Trustees of Columbia University in the City of New York ("Columbia"), we write to bring to the Court's attention Plaintiff's amended complaint in *Doe v. Hunter*, ECF 10, which names Columbia and several current and former Columbia administrators as defendants.[1] As a result, Columbia is now named as a defendant in all three of Plaintiff's actions—*Doe v. Columbia*, *Doe v. Hunter*, and *Doe v. Kachalia*—two of which are currently designated as related.[2] *See* Loc. R 1.6; Rule 13, R. for Div. of Bus. Among Dist. Judges, S.D.N.Y.

When the complaints in these three actions were initially filed, *Doe v. Columbia* and *Doe v. Kachalia*—both of which named Columbia as a defendant—were designated as related. However, *Doe v. Hunter*—in which Columbia was not originally named as a defendant—was not designated as related, even though the facts in that case overlap with the facts in *Doe v. Columbia*. *See Doe v. Columbia*, ECF 17; *compare* Am. Compl., *Doe v. Hunter*, ECF 10, *with* Compl., *Doe v. Columbia*, ECF 1.

---

[1] While Columbia is named as a defendant in the amended complaint in *Doe v. Hunter*, it has not been added as a defendant to any of the causes of action; only the current and former Columbia administrator defendants have been added to the causes of action. *See Doe v. Hunter*, ECF 10; *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (submissions of pro se litigants should be construed liberally).

[2] As of the date of this letter, none of the Columbia defendants have been served in *Doe v. Hunter*.

Hecker Fink LLP

2

      While Columbia respectfully submits that all three actions should be dismissed for all the reasons previously outlined for and by the Court, *see Doe v. Columbia*, ECF 17 & 29; *Doe v. Hunter*, ECF 5, to the extent the newly overlapping defendant (Columbia) in *Doe v. Hunter* bears on the relatedness of the cases, we wish to bring that information to the Court's attention. *See* Loc. R 1.6; Rule 13, R. for Div. of Bus. Among Dist. Judges, S.D.N.Y.

                                                 Respectfully submitted,

                                                 Gabrielle E. Tenzer

cc:     Plaintiff John Doe (via mail & email)

## AFFIRMATION OF SERVICE

I, Gabrielle E. Tenzer, declare under penalty of perjury that on July 1, 2024, I caused to be served a copy of this Letter via electronic and physical mail to the following addresses:

John Doe
PO Box 209
Buffalo, NY 14215
jddoe591@gmail.com

Dated: July 1, 2024
New York, New York

By: _____
Gabrielle E. Tenzer
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
gtenzer@heckerfink.com

*Counsel for Defendant Trustees of Columbia University in the City of New York*