UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

The Honorable Dale E. Ho
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

The Honorable Laura Taylor Swain
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

JOHN DOE,
Plaintiff

v.

MARCUS HUNTER, et al.

Re: *Doe v. Columbia University*, No. 23-cv-10393-DEH (S.D.N.Y.), *Doe v. Hunter*, No. 23-cv-10394-LTS (S.D.N.Y.), and *Doe v. Kachalia*, No. 23-cv-10395-DEH (S.D.N.Y.)

### MOTION TO REMOVE COLUMBIA UNIVERSITY AS DEFENDANT AND RECONSIDER SUA SPONTE DISMISSAL

Plaintiff John Doe, proceeding pro se, respectfully moves this Court to exercise its authority to remove Defendant Trustees of Columbia University in the City of New York ("Columbia") as a defendant in the above-captioned action pursuant to Fed. R. Civ. P. 21. Plaintiff further moves to challenge the Court's sua sponte dismissal of the assault, battery, and false imprisonment claims against Defendants Marcus Hunter, et al. as a violation of due process. In support thereof, Plaintiff states as follows:

1. Plaintiff's Amended Complaint (ECF No. 10) against Marcus Hunter for battery, assault and false imprisonment, inter alia[1], inadvertently named Columbia as a defendant in the

---

[1] Marcus Hunter has a history of violence, including three prior arrests for assault. His September 7, 2012 assault of the Plaintiff is currently under formal investigation by the NYPD Special Victims Division. There is an overarching criminal investigation of this matter that intertwines with the case currently before Judge Swain. There is no criminal investigation into Columbia or Kachalia in the consolidated cases currently before Judge Ho.

case caption. However, Columbia is not actually named *in any* of the causes of action. The inclusion of Columbia in the case caption was a mistake, as the claims are asserted solely against the individual defendants. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) ("[T]he submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest.") (internal quotation marks omitted). Columbia's inclusion in the case caption appears to have been a mere oversight, as no claims are actually asserted against it.

2. Pursuant to its inherent authority and Fed. R. Civ. P. 21, the Court may at any time, on just terms, add or drop a party sua sponte or on motion of a party. See Anwar v. Fairfield Greenwich Ltd., 118 F. Supp. 3d 591, 618 (S.D.N.Y. 2015) ("Rule 21 allows a court to drop a party 'at any time, on just terms.'"). Plaintiff respectfully requests the Court drop Columbia as a defendant, as it is not a proper party to this action. See Anwar, 118 F. Supp. 3d at 618-19 (removing defendants sua sponte where they were not named in any cause of action); Leskinen v. Halsey, 2013 WL 802915, at *3 (E.D. Cal. Mar. 5, 2013) (dropping dispensable party sua sponte under Rule 21 to perfect diversity jurisdiction).

3. While no charges have been filed, the criminal investigation into Defendant Hunter's violent history and assault of Plaintiff is a critical distinguishing factor from the related cases before Judge Ho. The existence of an active criminal investigation into the primary defendant's conduct in this case, but not the defendants in the cases before Judge Ho, weighs heavily against consolidation. See Arnold v. E. Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982) ("[A] trial must remain fair to both parties, and such considerations of convenience may not prevail where the inevitable consequence to another party is harmful and serious prejudice."). The severity of the criminal allegations against Defendant Hunter and the involvement of the NYPD's Special Victims Division underscore the need to avoid any prejudicial spillover into the civil cases against Columbia and Kachalia.

4. Plaintiff further challenges the Swain Court's sua sponte dismissal of the assault, battery, and false imprisonment claims as an overreach of judicial authority. The Court's sua sponte dismissal of Plaintiff's claims, without any opportunity to be heard, runs afoul of basic due process principles. The dismissal order (ECF No. 5) was issued before any of the defendants were served or had an opportunity to respond to the Complaint, in violation of Plaintiff's due process rights. See Wachtler v. County of Herkimer, 35 F.3d 77, 82 (2d Cir. 1994) ("[T]he district court has no authority to dismiss a complaint for failure to state a claim upon which relief can be granted without giving the plaintiff an opportunity to be heard."); See Mojias v. Johnson, 351 F.3d 606, 610-11 (2d Cir. 2003) (sua sponte dismissal of pro se complaint before service and without notice and opportunity to be heard "is itself grounds for reversal"). Gaffney v. State Farm Fire & Cas. Co., 294 F. App'x 975, 977 (6th Cir. 2008) (sua sponte dismissal before service on defendants "deprived [plaintiff] of an opportunity to be heard in opposition" and required reversal). At a minimum, Plaintiff should have been afforded notice and a chance to respond before such a drastic remedy was imposed.

5. It is well-established that sua sponte dismissals prior to service are disfavored and should be reserved for rare circumstances. See Snider v. Melindez, 199 F.3d 108, 113 (2d Cir. 1999) ("[S]ua sponte dismissal prior to service of process on defendant is strongly disfavored in this circuit. A plaintiff ordinarily has no opportunity to argue against dismissal prior to the entry of a sua sponte order.") (citation omitted). Due process requires that a plaintiff be given notice and an opportunity to be heard before a case is dismissed on the court's own motion. See Perez v. Ortiz, 849 F.2d 793, 797 (2d Cir. 1988) ("[T]he general rule is that a 'district court has no authority to dismiss a complaint for failure to state a claim upon which relief can be granted without giving the plaintiff an opportunity to be heard.'") (quoting Square D Co. v. Niagara Frontier Tariff Bureau, Inc., 760 F.2d 1347, 1365 (2d Cir. 1985)). The dismissal here was premature and denied Plaintiff his due process rights to litigate potentially meritorious claims.

6. In contrast, Doe v. Columbia University, No. 23-cv-10393 (S.D.N.Y.), assigned before Judge Dale E. Ho, has been fully briefed on the issues of unconscionability, mutual mistake, and other grounds for rescission of the underlying settlement agreement. It involves distinct claims focused on rescission of a settlement agreement. Judge Ho is already familiar with and currently considering Columbia's dispositive motion. Judicial economy favors allowing Judge Ho to rule on these issues that have already been presented. See Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir. 1990) ("Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial.") (citation omitted). Judicial economy favors allowing Judge Ho to rule on those issues rather than duplicating efforts here. See Garfinkle v. Arcata Nat'l Corp., 64 F.R.D. 688, 689 (S.D.N.Y. 1974) (denying consolidation of jury and non-jury cases because "[t]he potential confusion and prejudice to the plaintiffs that consolidation would create weigh in favor of keeping these actions separate").

7. Consolidation of the instant case with Doe v. Columbia University before Judge Laura Taylor Swain would be improper and highly prejudicial to Plaintiff. The two cases involve distinct claims and defendants. Plaintiff would be severely disadvantaged by having to re-litigate the rescission issues anew while simultaneously challenging the improper dismissal of claims in this case. See Arnold v. E. Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982) ("[A] trial must remain fair to both parties, and such considerations of convenience may not prevail where the inevitable consequence to another party is harmful and serious prejudice."). The risk of prejudice and confusion substantially outweighs any benefits of consolidation. See In re Repetitive Stress Injury Litig., 11 F.3d 368, 373 (2d Cir. 1993) (affirming denial of consolidation where "the prejudice to the plaintiffs by consolidation outweighed the benefits of judicial economy").

8. Given the complex procedural history, the constitutional claims at issue, and the risk of prejudice from consolidation, Plaintiff respectfully requests that the Court appoint pro bono counsel to ensure the merits of his claims are properly presented and considered. The Second Circuit maintains a Pro Bono Panel from which the Court appoints counsel

in pro se civil appeals presenting issues of first impression, complex issues of law, or potentially meritorious claims. See Pro Bono Counsel Plan, U.S. Court of Appeals for the Second Circuit, available at https://www.ca2.uscourts.gov/clerk/attorneys/pro_bono_materials.html. Pursuant to Federal Rule of Civil Procedure 83, this Court has similar discretion to appoint pro bono counsel in appropriate cases. See N.D.N.Y. L.R. 83.2(a) (requiring attorneys to accept pro bono appointments on a rotating basis and allowing the Court to make such appointments sua sponte). Factors warranting appointment of counsel here include the complexity of the legal issues, the potential merit of the claims, Plaintiff's inability to retain counsel by other means, and the interests of justice. See N.D.N.Y. L.R. 83.2(c); see also Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986) (outlining similar factors for appointing counsel under 28 U.S.C. § 1915(e)) ("[T]he district judge (or a magistrate acting with the authority of the district judge) may request an attorney to represent any person unable to afford counsel") (citing 28 U.S.C. § 1915(d)). Appointment of pro bono counsel would serve the interests of justice by leveling the playing field and allowing Plaintiff's constitutional claims to be properly adjudicated on the merits.

9. WHEREFORE, Plaintiff John Doe respectfully requests that the Court:

(1) Issue an order removing Defendant Columbia as a party to this action under Rule 21;
(2) Vacate its sua sponte dismissal order (ECF No. 5) as a violation of due process; and
(3) Deny any request to consolidate this case with the related actions pending before Judge Ho.

Dated: July 1, 2024
New York, New York

Respectfully,

/s/ John Doe
John Doe
Plaintiff Pro Se