UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

The Honorable Dale E. Ho
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re: *Doe v. Columbia University*, No. 23-cv-10393-DEH (S.D.N.Y.), *Doe v. Hunter*, No. 23-cv-10394-LTS (S.D.N.Y.), and *Doe v. Kachalia*, No. 23-cv-10395-DEH (S.D.N.Y.)

**MOTION TO RETAIN AUTHORITY OVER DOE V. COLUMBIA (23-CV-10393-DEH) AND DOE V. KACHALIA (23-CV-10395-DEH) AND NOT ASSUME AUTHORITY IN THIS COURT OVER DOE V. HUNTER, NO. 23-CV-10394-LTS**

Plaintiff John Doe, proceeding pro se, respectfully moves this Court to:

(1) Retain authority over the above-captioned action, Doe v. Columbia University, No. 23-cv-10393 (S.D.N.Y.), and the related action Doe v. Kachalia, No. 23-cv-10395 (S.D.N.Y.); (2) Decline to consolidate these cases with the distinct action Doe v. Hunter, No. 23-cv-10394 (S.D.N.Y.), currently pending before Judge Laura Taylor Swain; and

1. The three actions at issue raised by Columbia [ECF 22] – Doe v. Columbia University, Doe v. Kachalia, and Doe v. Hunter – while sharing some background facts, involve materially distinct claims and defendants that make consolidation improper and highly prejudicial to Plaintiff. See Arnold v. E. Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982) ("[A] trial must remain fair to both parties, and such considerations of convenience may not prevail where the inevitable consequence to another party is harmful and serious prejudice.").
2. Doe v. Columbia University and Doe v. Kachalia, already pending before this Court, focus on claims for rescission of a settlement agreement based on unconscionability, mutual mistake, and other grounds. In contrast, Doe v. Hunter centers on claims against individual defendants for, inter alia[1], assault, battery and false imprisonment. While Plaintiff's amended complaint in Doe v. Hunter inadvertently named Columbia in the caption, no actual claims are asserted against Columbia in that case. Columbia's inclusion as a defendant there was a mere oversight, as the claims target only the individual defendants. See Anwar v. Fairfield Greenwich Ltd., 118 F. Supp. 3d 591,

---

[1] Marcus Hunter has a history of violence, including three prior arrests for assault. His September 7, 2012 assault of the Plaintiff is currently under formal investigation by the NYPD Special Victims Division. There is an overarching criminal investigation of this matter that intertwines with the case currently before Judge Swain. There is no criminal investigation into Columbia or Kachalia in the consolidated cases currently before Judge Ho.

618-19 (S.D.N.Y. 2015) (removing defendants sua sponte under Rule 21 where they were not named in any cause of action).

3. More importantly, the sua sponte dismissal of Plaintiff's claims in Doe v. Hunter by Judge Swain, before any defendant was served, runs afoul of basic due process. The dismissal order denied Plaintiff notice and an opportunity to be heard, in violation of clearly established law. See Snider v. Melindez, 199 F.3d 108, 113 (2d Cir. 1999) ("[S]ua sponte dismissal prior to service of process on defendant is strongly disfavored in this circuit."); Perez v. Ortiz, 849 F.2d 793, 797 (2d Cir. 1988) ("[T]he general rule is that a 'district court has no authority to dismiss a complaint for failure to state a claim upon which relief can be granted without giving the plaintiff an opportunity to be heard.'") (citation omitted). That premature dismissal should be vacated to allow Plaintiff's claims to be properly considered, a pending motion for which is uniquely before Chief Judge Swain.

4. Consolidating Doe v. Hunter with the actions pending before this Court would severely prejudice Plaintiff. The rescission arguments have already been fully briefed before this Court, which is well-positioned to rule on them. Forcing Plaintiff, proceeding pro se, to relitigate those issues in a new forum while simultaneously challenging the improper dismissal of his other claims would be highly inefficient and risk inconsistent rulings. See Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir. 1990) ("Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial."); Garfinkle v. Arcata Nat'l Corp., 64 F.R.D. 688, 689 (S.D.N.Y. 1974) (denying consolidation where "[t]he potential confusion and prejudice to the plaintiffs that consolidation would create weigh in favor of keeping these actions separate").

5. Consolidating such divergent legal issues and defendants, especially when one case involves potential parallel criminal proceedings, would severely complicate case management and prejudice Plaintiff. See Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir. 1990) (paramount concern in consolidation is providing a fair trial). Notwithstanding a potential parallel criminal proceeding against Hunter, the existence of an ongoing criminal investigation by the NYPD into Defendant Hunter's violent history and alleged assault of Plaintiff is another critical distinguishing factor from the civil cases before this Court. See United States v. Stringer, 535 F.3d 929, 937 (9th Cir. 2008) (noting parallel civil and criminal proceedings involving the same conduct often warrant keeping cases separate). The existence of an active criminal investigation into the primary defendant's conduct in Doe v. Hunter, but not the defendants here, weighs heavily against consolidation. See Arnold, 681 F.2d at 193.

6. While the cases share some background facts, they involve materially different legal issues and defendants. Doe v. Hunter centers on violent torts of a criminal nature committed by individual defendants for which there is an active criminal investigation, while the cases before this Court focus on rescission of a settlement agreement with Columbia University, which have been fully briefed and are currently pending ruling by this Court. Further, the Kachalia matter over which this Court presides distinctly buttresses the common law bases for rescission as already briefed before this Court [ECF 24]. A contract may be rescinded for mutual mistake where the mistake "exist[ed] at the time the contract [was] entered into and [was] substantial." Simkin v. Blank, 19 N.Y.3d 46, 52 (2012). The mistake must go to a "basic assumption of the contract" and

"vitally affect the basis upon which the parties contract[ed]." Id. at 52-53 (citations omitted). Here, the Kachalia matter, which was unknown to either party at the time of the settlement, fundamentally alters the factual basis on which the agreement was reached. See LaFleur v. C.C. Pierce Co., 398 Mass. 254, 257-58 (1986) (rescission warranted where neither party aware of key facts when contract signed). This new information demonstrates that there was no true "meeting of the minds" as to essential terms, supporting rescission. Gould v. Bd. of Educ. of Sewanhaka Cent. High Sch. Dist., 81 N.Y.2d 446, 453 (1993).

7. The Kachalia matter is thus highly relevant to the rescission claims fully briefed before this Court. Consolidating those claims with the unrelated violent individual tort action in Doe v. Hunter would severely prejudice Plaintiff. The rescission arguments have already been fully briefed and this Court is well-positioned to rule on them. See Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir. 1990) (consolidation improper where it would impair "paramount concern for a fair and impartial trial"). Consolidation would also challenge Plaintiff's appellate practice related to rescission. This prejudice is particularly acute given that the rescission arguments have been fully briefed and are ripe for decision by this Court; forcing Plaintiff to relitigate those issues in a new forum, while simultaneously challenging the improper dismissal of his tort claims, would impose an undue burden on Plaintiff as an indigent pro se litigant and risk inconsistent rulings. See Hasman v. G.D. Searle & Co., 106 F.R.D. 459, 460 (E.D. Mich. 1985) (denying consolidation of products liability and tort claims involving "different issues of law and fact, different witnesses, and different proofs"). See Garber v. Randell, 477 F.2d 711, 714 (2d Cir. 1973) (affirming denial of consolidation where it "might tend to delay the disposition" of the more advanced case). Preserving Plaintiff's right to prompt appellate review of any rescission ruling strongly counsels against consolidation. See In re Air Crash Disaster at Florida Everglades, 549 F.2d 1006, 1013 (5th Cir. 1977) (noting consolidation may be denied where it would "delay the trial of a case which is ready"). The Court should therefore retain jurisdiction over the rescission claims and decline to consolidate them with the inapposite Doe v. Hunter action.

8. Procedurally, consolidation could skew the jury pool by requiring a longer trial, potentially excluding more educated jurors with work commitments. This could prejudice Plaintiff in presenting his case to a representative jury. While jury selection issues do not alone preclude consolidation, they compound the prejudice of joining such distinct cases.

9. Courts have consistently held that cases involving such distinct claims and parties should not be consolidated, even if there is some factual overlap. See Garnett-Bishop v. New York Cmty. Bancorp, Inc., 299 F.R.D. 113, 119 (E.D.N.Y. 2014) (declining to consolidate cases despite "a number of common questions of law and fact" because the cases involved "different defendants" and "distinct issues"); Blasko v. Washington Mut. Bank, 2011 WL 13175880, at *1 (C.D. Cal. Sept. 15, 2011) ("Even though both cases involve similar allegations, consolidation is not appropriate because the cases involve different defendants and will require the adjudication of different facts to determine liability."). Declining authority over Doe v. Hunter would promote the efficient litigation of the violent and unique individual torts in that case before Judge Swain while avoiding the delay, confusion, and prejudice that would result from an improper consolidation with the

unrelated Columbia matters. Judicial economy is best served by letting this Court efficiently handle the rescission issues with which it is fully-briefed while Plaintiff separately prosecutes his tort case. Plaintiff thus respectfully requests that the Court retain jurisdiction over Doe v. Columbia University and Doe v. Kachalia and deny consolidation with Doe v. Hunter.

WHEREFORE, Plaintiff John Doe respectfully requests that the Court:

(1) Retain authority over Doe v. Columbia University and Doe v. Kachalia;
(2) Deny any request to consolidate these cases with Doe v. Hunter.

Dated: July 1, 2024
New York, New York

Respectfully submitted,
/s/ John Doe
John Doe
Plaintiff Pro Se