UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No. 23-cv-10394-LTS

Case No. 23-cv-10393-DEH, No. 23-cv-10395-DEH

**EMERGENCY MOTION FOR RECONSIDERATION OF CASE REASSIGNMENT AND OPPOSITION TO CONSOLIDATION**

Plaintiff John Doe, proceeding pro se, respectfully moves this Court for reconsideration of the reassignment of Doe v. Hunter (Case No. 23-cv-10394-LTS) to this Court and opposes any consolidation with the above-captioned cases. In support of this motion, Plaintiff states as follows:

1. On July 2, 2024, the Clerk of Court reassigned Doe v. Hunter to this Court without considering Plaintiff's opposition to consolidation, which had not yet been posted to the public docket. This procedural irregularity raises due process concerns, as parties should have an opportunity to be heard before significant case management decisions are made. See Snider v. Melindez, 199 F.3d 108, 113 (2d Cir. 1999) (emphasizing the importance of notice and opportunity to be heard before sua sponte dismissal).

2. The reassignment appears to have been based solely on Columbia's letter to both judges [ECF 22], without consideration of Plaintiff's opposing arguments. This one-sided consideration violates fundamental principles of fairness and due process. See Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (emphasizing the importance of opportunity to be heard before deprivation of a protected interest).

3. The docket entries indicate that the case was "ACCEPTED AS RELATED" and reassigned without any formal order or explanation from either Judge Swain or Judge Ho. This lack of reasoned decision-making further undermines due process and impedes the unrepresented Plaintiff's ability to challenge the reassignment effectively.

4. Consolidation of Doe v. Hunter with the cases before this Court would severely prejudice Plaintiff for the following reasons:

    a. Doe v. Hunter involves materially distinct claims and defendants from the cases before this Court. It centers on violent tort claims against individual defendants that are the subject of an active criminal investigation by the NYPD Special Victims Division. In contrast, the cases before this Court focus solely on equitable claims for rescission of a settlement agreement with Columbia University.

    b. The sua sponte dismissal of Plaintiff's claims in Doe v. Hunter by Judge Swain, before any defendant was served, raises significant due process concerns that are uniquely before Judge Swain to address.

    c. The rescission arguments in the cases before this Court have already been fully briefed. Forcing Plaintiff to relitigate these issues while simultaneously challenging the improper dismissal of his tort claims would impose an undue burden on Plaintiff as a pro se litigant and risk inconsistent rulings.

5. The sua sponte reassignment of Doe v. Hunter to this Court, without considering Plaintiff's opposition, raises significant due process concerns and risks prejudicing Plaintiff's distinct claims. While cases may be consolidated for judicial economy, consolidation is improper where it would impair the "paramount concern for a fair and impartial trial." Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir. 1990). Here, Doe v. Hunter involves materially distinct tort claims against individual defendants, subject to an active criminal investigation, whereas the cases before this Court focus on equitable rescission claims against Columbia University. See Hasman v. G.D. Searle & Co., 106 F.R.D. 459, 460 (E.D. Mich. 1985) (denying consolidation where cases involved "different issues of law and fact, different witnesses, and different proofs"). Consolidation would severely prejudice Plaintiff by forcing him to relitigate fully-briefed rescission arguments while simultaneously challenging the improper dismissal of his tort claims. See Garber v. Randell, 477 F.2d 711, 714 (2d Cir. 1973) (affirming denial of consolidation where it "might tend to delay the disposition" of the more advanced case). Moreover, while Hall v. Hall held that consolidated cases retain their separate identities for appealability purposes, 138 S. Ct. 1118, 1131 (2018), consolidation here would still impair Plaintiff's right to prompt appellate review of any adverse rescission ruling by unnecessarily tethering it to resolution of the unrelated Hunter claims. The Court should therefore retain jurisdiction over the rescission claims and decline to consolidate them with the inapposite Hunter action.

6. While the cases share some background facts, courts have consistently held that cases involving such distinct claims and parties should not be consolidated, even if there is some factual overlap. See Hasman v. G.D. Searle & Co., 106 F.R.D. 459, 460 (E.D. Mich. 1985); Garnett-Bishop v. New York Cmty. Bancorp, Inc., 299 F.R.D. 113, 119 (E.D.N.Y. 2014).

7. The existence of an active criminal investigation into the primary defendant's conduct in Doe v. Hunter, but not the defendants in the cases before this Court, weighs heavily against consolidation. See United States v. Stringer, 535 F.3d 929, 937 (9th Cir. 2008).

WHEREFORE, Plaintiff respectfully requests that this Court: (1) Reconsider the reassignment of Doe v. Hunter (Case No. 23-cv-10394-LTS) to this Court;
(2) Deny any request to consolidate Doe v. Hunter with the cases currently before this Court;
(3) Return Doe v. Hunter to Judge Swain's docket for further proceedings; and
(4) In the alternative, if the Court declines to return the case to Judge Swain, hold a hearing with the assistance of pro-bono counsel to allow Plaintiff to present arguments against consolidation before making a final determination.

Dated: July 3, 2024
New York, New York

Respectfully submitted,

/s/ John Doe
John Doe
Plaintiff Pro Se