UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DOE,
Plaintiff,

v.

COLUMBIA UNIVERSITY, et al.,
Defendants.

Case No. 23-cv-10393-DEH

**EMERGENCY MOTION FOR CLARIFICATION, TO VACATE REASSIGNMENT ORDER, AND OPPOSITION TO CONSOLIDATION**

Plaintiff John Doe, proceeding pro se, respectfully moves this Court for the following emergency relief:

1. Clarification of the Court's reasoning for reassigning Doe v. Hunter (Case No. 23-cv-10394-LTS) to this Court;
2. Explanation of why Plaintiff's timely filed opposition to Columbia's letter was not considered or posted to the docket;
3. Vacatur of the reassignment order due to procedural irregularities;
4. Opposition to any consolidation with Doe v. Hunter;
5. Appointment of pro bono counsel;
6. An immediate status conference to address these issues.

In support of this motion, Plaintiff states as follows:

1. Procedural History: On July 1, 2024, Columbia University filed a letter requesting consolidation of Doe v. Hunter with the cases before this Court. Plaintiff filed a timely opposition to this request within five hours of Columbia's letter. On July 2, 2024, without considering Plaintiff's opposition, without posting Plaintiff's opposition to the docket, or providing reasoning, the Clerk reassigned Doe v. Hunter to this Court.
2. Due Process Concerns: The reassignment of Doe v. Hunter without considering Plaintiff's timely filed opposition raises serious due process concerns. See Snider v. Melindez, 199 F.3d 108, 113 (2d Cir. 1999) (sua sponte actions without opportunity to be heard are strongly disfavored).
3. Distinct Nature of Claims: Doe v. Hunter involves materially distinct claims and defendants from the cases before this Court. It centers on violent tort claims against individual defendants that are the subject of an active criminal investigation. In contrast, the cases before this Court focus solely on equitable claims for rescission of an unconscionable settlement agreement with Columbia University. See Hasman v. G.D. Searle & Co., 106 F.R.D. 459, 460 (E.D. Mich. 1985) (denying consolidation where cases

involved "different issues of law and fact, different witnesses, and different proofs"); Garnett-Bishop v. New York Cmty. Bancorp, Inc., 299 F.R.D. 113, 119 (E.D.N.Y. 2014) (declining to consolidate cases despite "a number of common questions of law and fact" because the cases involved "different defendants" and "distinct issues").

4. Prejudice from Consolidation: Consolidating Doe v. Hunter with the cases before this Court would severely prejudice Plaintiff. The rescission arguments have already been fully briefed before this Court. Forcing Plaintiff to relitigate these issues while simultaneously challenging the improper dismissal of his tort claims would impose an undue burden on Plaintiff as a pro se litigant and risk inconsistent rulings. See Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir. 1990) (emphasizing that "considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial"); Garfinkle v. Arcata Nat'l Corp., 64 F.R.D. 688, 689 (S.D.N.Y. 1974) (denying consolidation where "the potential confusion and prejudice to the plaintiffs that consolidation would create weigh in favor of keeping these actions separate").

5. Further, consolidation of the inapposite Hunter action would impair Plaintiff's right to prompt appellate review of any adverse rescission ruling by unnecessarily tethering it to resolution of the unrelated Hunter claims.

6. Criminal Investigation: The existence of an active criminal investigation into the primary defendant's conduct in Doe v. Hunter, but not the defendants in the cases before this Court, weighs heavily against consolidation. See United States v. Stringer, 535 F.3d 929, 937 (9th Cir. 2008) (noting that parallel civil and criminal proceedings involving the same conduct often warrant keeping cases separate); Arnold v. E. Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982) (emphasizing that consolidation should not prevail where "the inevitable consequence to another party is harmful and serious prejudice").

7. Appointment of Pro Bono Counsel: The complexity of this case, involving multiple related actions, procedural irregularities, and potential consolidation, necessitates the immediate appointment of counsel. See Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986) (factors for appointing counsel include case complexity and plaintiff's ability to investigate and present the case). The recent procedural developments, including the potential consolidation with Doe v. Hunter, raise significant legal issues that require skilled advocacy to protect Plaintiff's rights. See Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989) (recognizing the need for counsel in cases of "substantial complexity").

8. Status Conference: Given the procedural complexities and recent developments, including the sua sponte reassignment of Doe v. Hunter without consideration of Plaintiff's opposition, a status conference is necessary to clarify the posture of the related cases, address the potential consolidation, and ensure fair proceedings. See Fed. R. Civ. P. 16(a) (courts may order pretrial conferences to expedite disposition *and discourage wasteful pretrial activities*) (emphasis added); In re Air Crash Disaster at Florida Everglades, 549 F.2d 1006, 1013 (5th Cir. 1977) (noting the importance of status conferences in complex litigation).

Columbia has significantly impeded the speedy resolution and disposition of these cases through a series of procedural maneuvers that run counter to the principles of judicial economy and fairness. Specifically:

9. Columbia has inappropriately leveraged Judge Swain's sua sponte dismissal of the violent tort action in Doe v. Hunter, a case to which Columbia is not a party, in an attempt to influence the proceedings before this Court. See Snider v. Melindez, 199 F.3d 108, 113 (2d Cir. 1999) (holding that "sua sponte dismissal prior to service of process on defendant is strongly disfavored" and emphasizing the importance of notice and opportunity to be heard). This tactic not only disregards the distinct nature of the cases but also attempts to prejudice this Court's independent evaluation of the matters before it.
10. Columbia has resorted to complex motion practice to avoid complying with this Court's January 9, 2024 order to provide Defendant Kachalia's address for service, a delay that has now extended nearly six months (See Doe v. Kachalia, ECF No. 13). This conduct contravenes the spirit of Fed. R. Civ. P. 4(d)(1) (outlining the duty to avoid unnecessary expenses of serving the summons) and Valentin v. Dinkins, 121 F.3d 72, 76 (2d Cir. 1997) (holding that district courts may order defendants to provide information necessary to effect service). Columbia's tactics have effectively obstructed the proper service of process, a fundamental aspect of due process. See Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344, 350 (1999) (emphasizing that service of process is "fundamental to any procedural imposition on a named defendant").
11. Columbia has further complicated proceedings by filing a letter requesting this Court to dismiss the case before Defendant Kachalia was served and properly before the Court. This premature motion not only disregards basic principles of due process but also attempts to short-circuit the judicial process. See Nelson v. Adams USA, Inc., 529 U.S. 460, 471 (2000) (stressing that "the opportunity to respond, fundamental to due process, is the echo of the opportunity to be heard"). Kachalia remains unserved and not properly before the Court yet Columbia has filed a motion to dismiss AND a motion in furtherance of its motion to dismiss. See Kurzberg v. Ashcroft, 619 F.3d 176, 183 (2d Cir. 2010) ("The failure to serve a summons and complaint on a defendant deprives the court of personal jurisdiction over that defendant, and a motion to dismiss may not be decided until service is effected.")

These actions, taken collectively, demonstrate a pattern of conduct that has unnecessarily prolonged and complicated these proceedings, contrary to the interests of justice and the efficient administration of the Court's docket.

**Now, Columbia moves to request that one judge significantly expands its caseload by presiding over three highly complex actions with different facts and witnesses, including an unrelated 30-count, 53 page action involving violent individual torts of a criminal nature *to which it is not a party*.** See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) (recognizing the court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). Columbia's tactics, especially in light of its letter to relate and consolidate the Doe v. Hunter action to which it is not

a party, not only impede the resolution of these cases but also risk prejudicing Plaintiff's right to a fair and timely adjudication of his claims. See Johnson v. Zerbst, 304 U.S. 458, 464 (1938) (emphasizing that courts must "indulge every reasonable presumption against waiver" of fundamental constitutional rights).

12. Service on Defendant Kachalia: Plaintiff requests the Court to compel Columbia University to provide an address for service on Defendant Kachalia to ensure all parties are properly before the Court. See Fed. R. Civ. P. 4(d)(1) (duty to avoid unnecessary expenses of serving the summons); Valentin v. Dinkins, 121 F.3d 72, 76 (2d Cir. 1997) (district courts may order defendant to provide information necessary to effect service).
13. Urgency of Relief: The recent sua sponte reassignment of Doe v. Hunter without consideration of Plaintiff's opposition raises serious due process concerns. See Snider v. Melindez, 199 F.3d 108, 113 (2d Cir. 1999) (sua sponte dismissal prior to service of process is strongly disfavored). Immediate action is necessary to prevent irreparable harm to Plaintiff's rights and to ensure the fair and efficient administration of justice.

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Provide clarification on its reasoning for the reassignment of Doe v. Hunter;
(2) Explain why Plaintiff's timely filed opposition was not considered or posted to the docket;
(3) Vacate the reassignment order due to the procedural irregularities;
(4) Deny any request to consolidate Doe v. Hunter with the cases currently before this Court;
(5) Appoint pro bono counsel and schedule an immediate status conference to address these issues.

Dated: July 3, 2024
New York, New York

Respectfully submitted,

/s/ John Doe
John Doe
Plaintiff Pro Se