UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>  v.<br><br>COLUMBIA UNIVERSITY, et al.,<br><br>    Defendants. | 23 Civ. 10393 (DEH) |
| JOHN DOE,<br><br>    Plaintiff,<br><br>  v.<br><br>MARCUS JEREMY HUNTER, et al.,<br><br>    Defendants. | 23 Civ. 10394 (DEH) |
| JOHN DOE,<br><br>    Plaintiff,<br><br>  v.<br><br>NEEL H. KACHALIA, et al.,<br><br>    Defendants. | 23 Civ. 10395 (DEH)<br><br>**ORDER** |

DALE E. HO, United States District Judge:

On July 1, 2024, counsel for Columbia University filed a letter informing the Court as to the possible relatedness of *Doe v. Hunter*, No. 23 Civ. 10394, to two pro se actions brought by Plaintiff that are pending before the Court, *Doe v. Columbia Univ.*, No. 23 Civ. 10393, and *Doe v. Kachalia*, No. 23 Civ. 10395.[1]  On July 1, 2024 (but not entered on the dockets until seven

---

[1] *See* ECF Nos. 30, 14, and 22 filed respectively in *Doe v. Columbia Univ.*, No. 23 Civ. 10393, *Doe v. Hunter*, No. 23 Civ. 10394, and *Doe v. Kachalia*, No. 23 Civ. 10395.

days later, on July 8, 2024), Plaintiff filed motions for the Court to "retain authority" over *Doe v. Columbia University*, 23 Civ. 10393, and *Doe v. Kachalia*, 23 Civ. 10395, but not over *Doe v. Hunter*, No. 23 Civ. 10394.[2]

On July 2, 2024, six days before Plaintiff's motions were entered on the dockets on July 8, 2024, the Court accepted reassignment of *Doe v. Hunter*, No. 23 Civ. 10394, as related to *Doe v. Columbia University*, 23 Civ. 10393.[3] On July 2, 2024, Plaintiff filed an "emergency motion[s] for reconsideration of case reassignment and opposition to consolidation."[4] On July 3, 2024, Plaintiff filed an "emergency motion for clarification, to vacate reassignment order, and opposition to consolidation."[5] These motions were entered on the docket several days later, on July 8 and 9, respectively. The Court considers each motion in turn.

First, the Court addresses the docketing delay. When a pro se plaintiff "files" a motion, the Clerk's Office staff scans and dockets each filing. Given the volume of pro se cases, the docketing of each filing may be delayed; this is especially true during the holidays when there are staff shortages. For immediate docketing, a pro se party must first receive training on Electronic Case Filing ("ECF") and then request permission to file electronically.[6] A pro se party may also

---

[2] *See* ECF Nos. 32, 17, 24 filed in respectively in *Doe v. Columbia Univ.*, No. 23 Civ. 10393, *Doe v. Hunter*, No. 23 Civ. 10394, and *Doe v. Kachalia*, No. 23 Civ. 10395.

[3] *See Doe v. Hunter*, No. 23 Civ. 10394 docket entries dated July 2, 2024.

[4] *See* ECF Nos. 33, 18, 25 filed in respectively in *Doe v. Columbia Univ.*, No. 23 Civ. 10393, *Doe v. Hunter*, No. 23 Civ. 10394, and *Doe v. Kachalia*, No. 23 Civ. 10395.

[5] *See* ECF No. 34 filed in *Doe v. Columbia Univ.*, No. 23 Civ. 10393.

[6] A Plaintiff must first complete the Court's ECF training course. The schedule is available at: https://nysd.uscourts.gov/programs/ecf-training. The motion for permission for ECF case filing is available at: https://www.nysd.uscourts.gov/forms/motion-permission-electronic-case-filing-pro-se-cases.

receive court documents by email by completing the attached form, Consent to Electronic Service.[7]

The Court construes Plaintiff's "Motion to Retain Authority over [*Doe*, No. 23-CV-10393 (DEH)] and [*Doe*, 23-CV-10394 (DEH)] and not assume authority in this court over" *Doe v. Hunter*, No. 23 Civ. 10394 as motions for the Court not to accept reassignment of *Doe v. Kachalia*, 23 Civ. 10395, as related to the other actions.[8] The Court **DENIES** these motions as moot, since the Court has already accepted the reassignment of the present action as related to those other actions.

The Court also construes Plaintiff's "Emergency Motion[s] for Reconsideration of Case Reassignment and Opposition to Consolidation,"[9] as a motion for reconsideration of the Court's acceptance of reassignment of *Doe v. Hunter*, No. 23 Civ. 10394 as related to the other aforementioned actions.

Under Rule 13(a) of this Court's Rules for the Division of Business Among District Judges, when determining the relatedness of civil actions filed in the court, judges consider whether:

> (A) the actions concern the same or substantially similar parties, property, transactions, or events;
> (B) there is substantial factual overlap;
> (C) the parties could be subjected to conflicting orders; and
> (D) whether absent a determination of relatedness[,] there would be a substantial duplication of effort and expense, delay, or undue burden on the court, parties, or witnesses.

---

[7] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

[8] *See* ECF Nos. 32, 17, 24 filed in respectively in *Doe v. Columbia Univ.*, No. 23 Civ. 10393, and *Doe v. Kachalia*, No. 23 Civ. 10395.

[9] *See* ECF Nos. 33, 18, 25 filed in respectively in *Doe v. Columbia Univ.*, No. 23 Civ. 10393, *Doe v. Hunter*, No. 23 Civ. 10394, and *Doe v. Kachalia*, No. 23 Civ. 10395.

Here, "there is substantial factual overlap" between the cases, there are "similar parties," with the same Plaintiff and Columbia University named as a defendant in all the actions, and the "parties could be subjected to conflicting orders."[10]

In the abovementioned motions, Plaintiff conflates consolidation with relatedness.[11] To be clear, when the Court accepted reassignment of the present action as related to the other actions, it did *not* consolidate the three actions. It merely accepted reassignment of *Doe v. Hunter*, No. 23 Civ. 10394, *as related* to the other two distinct and separate actions. To consolidate actions is to merge multiple actions into one action; that has not occurred here, at least at this time. Accordingly, the Court also **DENIES** these motions as well, without prejudice to any future request to consolidate the three related actions by any of the parties or by the Court.

---

[10] *Compare* ECF No. 1 in *Doe v. Columbia Univ.*, No. 23 Civ. 10393, with ECF Nos. 1, 10 in *Doe v. Hunter*, No. 23 Civ. 10394.

[11] *See* ECF Nos. 33, 18, 25 filed in respectively in *Doe v. Columbia Univ.*, No. 23 Civ. 10393, *Doe v. Hunter*, No. 23 Civ. 10394, and *Doe v. Kachalia*, No. 23 Civ. 10395.

The Clerk of Court is respectfully requested to docket this order in the three above-captioned cases, mail this order to pro se Plaintiff, and to terminate the following:

- ECF Nos. 32, 33, 34 in *Doe v. Columbia Univ.*, No. 23 Civ. 10393.
- ECF Nos. 17, 18 in *Doe v. Hunter*, No. 23 Civ. 10394.
- ECF Nos. 24, 25 in *Doe v. Kachalia*, No. 23 Civ. 10395.

SO ORDERED.

Dated: July 17, 2024
New York, New York

                                              DALE E. HO
                                  United States District Judge