UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN DOE,

                Plaintiff,

        v.

COLUMBIA UNIVERSITY, et al.,

                Defendants.

23 Civ. 10393 (DEH)

**ORDER**

---

DALE E. HO, United States District Judge:

Plaintiff asserts various claims under 42 U.S.C. § 1981, Title VI and Title IX of the Education Amendments of 1972, the New York Adult Survivors Act, and other state laws. *See* ECF No. 1. Before the Court are motions from Defendant Trustees of Columbia University ("Columbia" or "Defendant")[1] to redact three documents. *See* ECF Nos. 11, 26. For the reasons discussed below, Defendant's motions are **GRANTED**.

## BACKGROUND

On November 24, 2023, *pro se* Plaintiff filed a Complaint, which the Clerk of Court docketed to be viewed by "case participants only."[2] *See* ECF No. 1. That same day, Plaintiff filed a motion to proceed pseudonymously. *See* Pl.'s Mot., ECF No. 3. On December 5, 2023, this case was reassigned to the undersigned. *See* Dec. 5, 2023 Min. Order. The Court granted Plaintiff's motion to proceed pseudonymously on December 5, 2023. *See* ECF No. 6.

---

[1] Columbia University is officially incorporated under the name "The Trustees of Columbia University in the City of New York," and is therefore the sole defendant in this case. *See Doe v. Columbia Univ.*, No. 19 Civ. 11328, 21, at 1 n.1 (S.D.N.Y. Jan. 22, 2020).

[2] The Complaint is not filed "under seal." The Clerk of Court, as a precaution given Plaintiff's then-pending motion to proceed under a pseudonym, limited electronic docket access to Plaintiff's Complaint to "court users and case participants."

1

On January 3, 2024, Columbia filed a motion, ECF No. 11, requesting leave to file a letter with redactions related to a confidential settlement agreement between Plaintiff and Columbia in a previous lawsuit. The letter was filed with redactions at ECF No. 12, and without redactions (with access limited to the Court and applicable parties) at ECF No. 13. Columbia submitted the redacted materials in connection with its then-forthcoming letter asking the Court to dismiss the case pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B). *See* ECF No. 17. Plaintiff did not a file an opposition to Columbia's request to file ECF No. 12 with redactions.

Also on January 3, 2024, non-party Eugene Volokh ("Volokh") filed a motion to intervene and "unseal" the Complaint. *See* ECF No. 15. On May 28, 2024, Plaintiff filed an opposition to Volokh's letter. *See* Pl.'s Opp'n to Non-Party, ECF No. 25. The same day, Plaintiff filed a "memorandum of law in opposition to Defendant's motion to dismiss" in response to Defendant's letter at ECF No. 17. *See* ECF No. 24.

On May 30, 2024, Columbia filed a motion asking the Court to temporarily seal Plaintiff's May 28, 2024 filings (i.e., ECF Nos. 24 and 25) because they include sensitive information, including non-party names and details of the settlement agreement between the parties. *See* Def.'s Mot., ECF No. 26. In its motion, Columbia asked for temporary sealing until appropriate redactions could be proposed. *Id.* On May 31, 2024, the Court granted the motion and temporarily sealed the documents at ECF Nos. 24 and 25. *See* ECF No. 27. In the ensuing months, no opposition to Columbia's request to redact ECF Nos. 24 and 25 has been filed.

## LEGAL STANDARDS

The Court applies a three-part inquiry to determine whether to seal or redact a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022).[3] First, a court determines whether a document is a "judicial document," subject to a presumptive public right of access. *See id.* at 87. A judicial document is "a filed item that is relevant to the performance of the judicial function and useful in the judicial process." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016).

Second, a court determines the weight of the presumption of public access that attaches to the document, looking to "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Olson*, 29 F.4th at 87-88. "The presumption of public access exists along a continuum. The strongest presumption attaches where the documents determine litigants' substantive rights" (e.g., where documents are attached in connection with a dispositive motion); "and is weaker where the documents play only a negligible role in the performance of Article III duties," *id.* at 89 (e.g., when documents are attached in connection with discovery disputes). However, documents do not "receive different weights of presumption based on the extent to which they [are] relied upon in resolving the motion." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006).

"Finally, once the weight of the presumption has been assessed, the court is required to balance competing considerations against it." *Olson*, 29 F.4th at 88. "[C]ontinued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to

---

[3] In all quotations from cases, citations, footnotes, brackets, ellipses, and emphases are omitted unless otherwise indicated. All references to Rules are to the Federal Rules of Civil Procedure.

3

preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. Furthermore, the nature and extent of the sealing must be narrowly tailored to serve these interests. *Id.* A court may deny public disclosure of the record only "if the factors counseling against public access outweigh the presumption of access afforded to that record." *Olson*, 29 F.4th at 88.

## DISCUSSION

Defendants' motions to redact are unopposed. Nevertheless, because a decision to seal documents must be supported by on-the-record findings, the Court engages in the requisite three-part *Olson* analysis to determine whether Defendants' motions to redact should be granted.

First, the Court considers the threshold question, i.e., whether the three documents at issue are judicial documents "to which the presumption of public access attaches." *Olson*, 29 F.4th at 87. Two of the documents (ECF Nos. 12 and 24) are submitted in connection with Defendant's letters asking the Court to dismiss this matter *sua sponte*, and are therefore clearly judicial documents. The third document (ECF No. 25) is Plaintiff's response to non-party Volokh's motion to intervene; it is also a judicial document.

The Court turns next to the second *Olson* factor, i.e., the weight of the presumption of public access that attaches here. As noted, two documents (ECF Nos. 12 and 24) were filed in connection with a case-dispositive request; accordingly, the weight of the presumption of public access to these documents is strong. *Cf. Olson*, 29 F.4th at 90 (A "strong presumption attaches to materials filed in connection with dispositive motions."). A lesser presumption attaches to the third document (ECF No. 25), Plaintiff's opposition to Volokh's motion to intervene—which seeks to intervene not on the merits of the underlying litigation, but for the limited purposes of unsealing the Complaint. *See In re New York City Policing During Summer 2020*

4

*Demonstrations*, 635 F. Supp. 3d 247, 253 (S.D.N.Y. 2022) (holding that where a document has "little or no discernable relationship to the resolution of the issue the court is being called upon to decide, such materials will be deserving of 'limited weight' even if they are judicial documents").

In any event, the Court's decision on all three documents at issue here ultimately turns on the third *Olson* factor—the countervailing factors weighing against the presumption of public access, which ultimately overcome the presumption with respect to all three documents. Competing considerations a court may weigh include the protection of "a sexual assault victim's privacy interests." *Kemp v. Noeth*, No. 20 Civ. 9121, 2021 WL 1512712, at *2 (S.D.N.Y. Apr. 15, 2021). Courts in this Circuit have recognized "the important public interest in protecting the identities of sexual assault victims to ensure that other victims would not be deterred from reporting similar crimes." *Doe v. Vassar Coll.*, No. 19 Civ. 9601, 2019 WL 5963482, at *2 (S.D.N.Y. Nov. 13, 2019). *See also Scott v. Graham*, No. 16 Civ. 2372, 2016 WL 6804999, at *1 (S.D.N.Y. Nov. 17, 2016) (granting request to file a response to petition under seal to protect the identity of victim) (collecting cases); *Archbold v. Hessel*, No. 08 Civ. 3898, 2011 WL 2671527, at *1 n.1 (S.D.N.Y. June 20, 2011) (granting a motion to file state court records under seal to protect the privacy of sexual assault victim), *adopted as modified*, 2011 WL 2946169 (S.D.N.Y. July 19, 2011).

A review of the documents in question reveals that two of them (ECF Nos. 24, 25) contain sensitive information related to a non-party. "The privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation. . . . The job of protecting such interests rests heavily with the trial judge, since all the parties who may be harmed by disclosure are typically not before the court." *In re Application of Newsday, Inc.*, 895 F.2d 74, 79 (2d Cir.

1990). Columbia argues that, just as the Plaintiff is proceeding pseudonymously, the "non-party students should similarly be protected," as "they too have a privacy interest due to the sensitive subject matter of the litigation." ECF No. 29 at 3. Finally, Columbia argues that "the contents of the parties' confidential settlement agreement" (which are referenced in two of the documents, ECF Nos. 12, 24) should also remain redacted, to "promote settlement, especially in cases like this involving sensitive allegations, where confidentiality is particularly important[.]" *Id.* (citing *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143-44 (2d Cir. 2004)).

The Court agrees. The Court places heavy weight on the interests of third parties, and it concludes that the interests of the non-party students outweigh the right to public access to the relevant documents. *See In re Application of Newsday, Inc.*, 895 F.2d at 79-80. Accordingly, Defendant's motions at ECF Nos. 11 and 26 are **GRANTED**. Accordingly, ECF Nos. 12, 24, and 25 shall remain under seal.

## CONCLUSION

For the reasons discussed herein, it is hereby **ORDERED** that Defendant's motions to seal are **GRANTED**. Specifically:

- Defendant's motion at ECF No. 11 is **GRANTED**. Accordingly, ECF No. 12 shall remain redacted.

- Defendant's motion at ECF No. 26 is **GRANTED**. Plaintiff's letters at ECF Nos. 24 and 25 shall remain under seal.

- In accordance with the Court's Order, Defendants' shall file a status letter with redacted versions of ECF Nos. 24 and 25 attached as exhibits, by **August 7, 2024**. Redactions should be narrowly tailored in accordance with this decision. *See Lugosch*, 435 F.3d at 124. Defendants are directed to mail the status letter with

6

exhibits, and a copy of this Order, to Plaintiff via overnight mail and file proof of service on the ECF.

- If Plaintiff believes that Defendants' redactions are overbroad, Plaintiff may file a letter motion identifying which portions of those filings Plaintiff believes should be unsealed, by **August 23, 2024**. Plaintiff may file any such letter brief under seal by emailing chambers at HoNYSDChambers@nysd.uscourts.gov. If any such letter motion is filed, Defendants may file an opposition under seal via the same procedure, by **August 30, 2024**.

In any future filing that references the confidentiality agreement and/or non-parties, the document shall be redacted. An unredacted version of such papers shall simultaneously be filed under seal.

The Clerk of Court is respectfully directed to maintain the filings at ECF Nos. 13, 25, and 26 under seal, and to terminate the motions at ECF Nos. 3 and 11.

SO ORDERED.

Dated: August 1, 2024
      New York, New York

                                           DALE E. HO
                                   United States District Judge