

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

August 5, 2024

Honorable Dale E. Ho
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square New York, NY 10007

*Re: Letter to Judge Dale E. Ho – Doe v. Columbia University, No. 23-cv-10393*

Dear Judge Ho:

I write to bring to the Court's urgent attention Columbia University's ongoing failure to properly investigate my sexual assault complaint filed on July 1, 2024, in blatant violation of its own Gender-Based Misconduct Policy and federal Title IX guidance. Columbia's continued non-compliance with its policies and disregard for my rights as an alumnus and complainant, even after I initiated this lawsuit, is powerful evidence that the University's misconduct is not an isolated incident but a deliberate pattern of indifference to sexual assault. See Tubbs v. Stony Brook Univ., No. 15 Civ. 0517 (NSR), 2016 WL 8650463, at *9 (S.D.N.Y. Mar. 4, 2016) ("[A]n educational institution's failure to properly respond to allegations of sexual assault, by itself, can constitute deliberate indifference.").

Despite my multiple attempts to engage with the University's disciplinary process, Columbia has ignored my complaint for over 35 days and improperly referred me to outside litigation counsel instead of conducting the required investigation through the Gender-Based Misconduct Office. This violates Columbia's own Gender-Based Misconduct Policy, which explicitly applies to complaints by alumni and promises a prompt and equitable resolution. See Doe v. Columbia Univ., 831 F.3d 46, 56 (2d Cir. 2016) (finding university's failure to follow its own procedures supported plausible Title IX claim); Menaker v. Hofstra Univ., 935 F.3d 20, 33-35 (2d Cir. 2019) (same).

Columbia's July 2024 conduct is compelling evidence that its Title IX violations are continuing unabated, warranting urgent judicial intervention. By stonewalling my complaint, Columbia is sending a chilling message to survivors that their reports will not be taken seriously, "leading to a hostile educational environment." Papelino v. Albany Coll. of Pharmacy, 633 F.3d 81, 89 (2d Cir. 2011). This harms not only me, but the entire Columbia community I remain actively involved with as an alumnus. See Doe v. Brown Univ., 896 F.3d 127, 133 (1st Cir. 2018) (finding alumna had standing to sue over university's interference with her alumni activities).

As an active alum who graduated from Columbia and participates in alumni associations, including interviewing exceptional Columbia applicants as an alumni representative volunteer interviewer, I demand the relief sought under the policy to attend my alumni reunions without

fear, and I reserve all rights under Columbia's own policies to file a complaint about gender-based misconduct that occurred while I was a student, regardless of any pending litigation. The policy does not state that such complaints must go through legal counsel when there is related litigation.

Accordingly, I respectfully renew my request for leave to amend the complaint to add claims arising from Columbia's July 2024 misconduct, pursuant to Federal Rule of Civil Procedure 15(a)(2). See Littlejohn v. City of New York, 795 F.3d 297, 328 (2d Cir. 2015) ("[A] district court should grant leave to amend when the plaintiff has identified relevant facts giving rise to a plausible claim."). The new facts significantly strengthen my Title IX claims and I have acted diligently in bringing them to the Court's attention.

I also request that the Court order targeted discovery into Columbia's handling of other sexual assault complaints, to establish whether its deliberate indifference to my complaint is part of a broader pattern of non-compliance. See Doe v. Columbia Univ., 831 F.3d at 56-57 (finding plaintiff alleged sufficient facts to warrant discovery on Title IX deliberate indifference claim).

Further, I move for a preliminary injunction ordering Columbia to properly investigate my complaint through the Gender-Based Misconduct process, as required by its own policies, during the pendency of this litigation. See Rolph v. Hobart & William Smith Colls., 271 F. Supp. 3d 386, 392 (W.D.N.Y. 2017) (granting preliminary injunction requiring college to conduct proper Title IX investigation); Doe v. Univ. of Ark.-Fayetteville, No. 5:18-cv-05182, 2019 WL 1493701, at *12 (W.D. Ark. Apr. 3, 2019) (granting preliminary injunction ordering university to comply with its Title IX policies during pendency of lawsuit). Injunctive relief is necessary to prevent further harm to my rights as an alumnus while the merits are adjudicated. See Doe v. Univ. of Connecticut, No. 20 Civ. 92 (MPS), 2020 WL 406356, at *5-6 (D. Conn. Jan. 23, 2020) (finding alumnus showed irreparable harm from university's failure to provide fair process).

If granted leave to amend, I would assert the following additional viable claims based on Columbia's recent conduct:

> 1. Violation of NY Education Law 129-B ("Enough is Enough Law"): Columbia's failure to properly investigate my complaint likely violates several provisions requiring fair procedures for sexual assault reports. See Doe v. Syracuse Univ., 341 F. Supp. 3d 125, 141 (N.D.N.Y. 2018) (finding that the university's failure to comply with its own procedures and New York Education Law 129-B could support a claim for relief).

> 2. Breach of Contract: As an active alumnus, I have an ongoing contractual relationship with Columbia governed by its policies. Their failure to follow the Gender-Based Misconduct Policy procedures breaches that contract. See Doe v. Skidmore Coll., 152 A.D.3d 932, 935 (3d Dep't 2017) (holding that a college's failure to follow its own procedures as outlined in its student handbook could constitute a breach of contract).

3. Negligence: Columbia owes a duty of care to properly investigate sexual assault complaints. Ignoring my complaint for 35 days and referring me to litigation counsel violates that duty. See Doe v. Univ. of the South, No. 4:09-cv-62, 2011 WL 1258104, at *14 (E.D. Tenn. Mar. 31, 2011) (recognizing that a university's failure to follow its own procedures in investigating and responding to sexual assault complaints could constitute negligence).

Columbia's actions are inflicting ongoing, irreparable injuries not only on me, but on the entire university community. The Court's intervention is urgently needed to put an end to Columbia's pattern of deliberate indifference to sexual assault and ensure that survivors can pursue justice and maintain their rightful place in their alma mater's community. See Doe v. Colgate Univ., No. 5:15-CV-1069 (LEK/DEP), 2017 WL 4990629, at *14 (N.D.N.Y. Oct. 31, 2017) (recognizing courts' authority to order compliance with university policies in Title IX cases).

Thank you for your prompt attention to this critical matter. I am available to provide any additional information that may assist the Court.

Sincerely,
/s/ John Doe
John Doe


Defendant Columbia shall file a letter, not to exceed three (3) pages, in response by **August 16, 2024.**

SO ORDERED.

Dale E. Ho
United States District Judge
Dated: August 7, 2024
New York, New York