**Hecker Fink LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.HECKERFINK.COM

DIRECT DIAL      929.294.2536
DIRECT EMAIL     gtenzer@heckerfink.com

August 16, 2024

**VIA ECF**

The Honorable Dale E. Ho
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

   Re: *Doe v. Columbia University*, No. 23-cv-10393-DEH; *Doe v. Hunter*, No. 23-cv-10394-DEH (related); *Doe v. Kachalia*, No. 23-cv-10395-DEH (related)

Dear Judge Ho:

  On behalf of Defendant Trustees of Columbia University in the City of New York ("Columbia"), and in accordance with the Court's August 7, 2024 Order, ECF 38, we respectfully submit this response to Plaintiff's August 5, 2024 Letter, ECF 37 ("Letter").[1] As discussed further below, Plaintiff does not, and cannot, meet the demanding standard for a preliminary injunction; his request for discovery is premature and inadequate; and he should not be granted leave to amend his complaint because any amendment would be futile. The requests in Plaintiff's Letter therefore should be denied.

  ***Plaintiff Does Not, and Cannot, Meet the High Standard for a Preliminary Injunction***. Plaintiff is seeking a preliminary injunction "ordering Columbia to properly investigate [his July 1, 2024] complaint through the Gender-Based Misconduct process, as required by its own policies." Letter at 2. A preliminary injunction is "an extraordinary and drastic remedy" that requires the movant to, "by a *clear showing*, carr[y] the burden of persuasion." *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007) (internal quotation marks omitted, emphasis in original). A party seeking to alter the status quo through a mandatory injunction, as Plaintiff seeks to do here, must, among other things, "meet a heightened legal standard" of a "a strong showing of irreparable harm" and "a clear or substantial likelihood of success on the merits." *Hodnett v. Medalist Partners Opportunity Master Fund II-a, L.P.*, No. 21-cv-38, 2021 WL 535485, at *3 n.2 (S.D.N.Y. Feb. 12, 2021) (quoting *People ex. rel. Schniederman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015) (cleaned up)).

---

[1] All ECF references in this letter are to the docket in *Doe v. Columbia*, No. 23-cv-10393-DEH (S.D.N.Y.).

Plaintiff has not made, and cannot make, the required showing for a mandatory injunction here.[2] *First*, Plaintiff does not explain what irreparable harm he faces if Columbia does not immediately investigate his report of a 2014 sexual assault, other than a general reference to "further harm to [his] rights as an alumnus." Letter at 2; *see also Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) (explaining that irreparable harm is "[p]erhaps the single most important prerequisite" for a preliminary injunction (quoting *Bell & Howell: Mamiya Co. v. Masel Supply Co.*, 719 F.2d 42, 45 (2d Cir. 1983))). This alone should end the inquiry. *See, e.g.*, *Kamerling*, 295 F.3d at 214 ("the moving party must show that injury is likely *before the other requirements for an injunction will be considered*" (emphasis added)). In particular, Plaintiff offers no explanation of the harm that will result from the time required for Columbia to respond to his July 2024 report that would not otherwise have resulted from the ten years that have passed between the time of the alleged 2014 incident and Plaintiff's recent report. *See, e.g.*, *Costello v. McEnery*, 767 F. Supp. 72, 78 (S.D.N.Y. 1991) (delay may "indicate an absence of the kind of irreparable harm required to support a preliminary injunction"); *see also Hodnett*, 2021 WL 535485, at *6 (same). While Plaintiff discusses how he interviews Columbia applicants and wishes to attend alumni reunions "without fear," Letter at 1-2, he does not explain how his ability to engage in those activities would be harmed without Columbia immediately investigating his report of a 2014 assault by a former, non-degree seeking student who is not an alumnus or member of Plaintiff's graduating class.

*Second*, Plaintiff does not, and cannot, show any likelihood of success on the merits, let alone a clear or substantial one. Plaintiff appears to allege that Columbia violated Title IX by failing to adequately respond to his July 1, 2024 report. *See* Letter at 1-2.[3] To succeed on a Title IX deliberate indifference claim based on a report of student misconduct, a plaintiff must show, among other things, that the university's response was "clearly unreasonable in light of the known circumstances." *Davis ex rel. LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 648-49 (1999); *accord Doe v. Sacks*, No. 23-cv-1307, 2024 WL 402945, at *5 (S.D.N.Y. Feb. 2, 2024). This is far more than "a mere 'reasonableness'" standard. *Davis*, 526 U.S. at 648-49; *accord KF ex rel. CF v. Monroe Woodbury Cent. Sch. Dist.*, No. 12-cv-2200, 2013 WL 177911, at *6 (S.D.N.Y. Jan. 16, 2013), *aff'd*, 531 F. App'x 132 (2d Cir. 2013). "[T]he measures taken must be so inadequate that a degree of discriminatory intent may be inferred," *Doe v. Trs. of Columbia Univ. in City of N.Y.*, No. 21-cv-5839, 2022 WL 3666997, at *12 (S.D.N.Y. Aug. 25, 2022), and the allegations must "plausibly indicat[e] that [the] Defendant['s] conduct effectively caused subsequent harassment," *HB v. Monroe Woodbury Cent. Sch. Dist.*, No. 11-cv-5881, 2012 WL 4477552, at *15 (S.D.N.Y. Sept. 27, 2012) (cleaned up); *accord Davis*, 526 U.S. at 642-43. Plaintiff's allegations that Columbia has taken more than 35 days and directed Plaintiff to outside counsel in response to his report of alleged misconduct, *see* Letter at 1, do not come close to

---

[2] Nor could Plaintiff even make the lesser required showing for a prohibitory injunction, which would still require him to show, among other things, "a likelihood of irreparable harm in the absence of preliminary relief" and "a likelihood of success on the merits." *Hodnett*, 2021 WL 535485, at *3.

[3] Allegations related to Plaintiff's July 1, 2024 report are not included in his complaint, *see* ECF 1, nor has Plaintiff expressed an intent to seek to add a claim of Title IX deliberate indifference in his proposed amended complaint, *see* Letter at 2-3. Nevertheless, for many of the same reasons discussed herein, Plaintiff cannot succeed on the merits of any of his proposed state law claims on the basis of his July 1, 2024 report: Columbia's response has not been unreasonable, untimely, or out of compliance with its policies. Moreover, New York Education Law Article 129-B, New York's "Enough is Enough" Law, does not create a private right of action. *See* N.Y. Educ. L. §6440(9) ("Nothing in this article shall be construed to create a new private right of action for any person."); Letter at 2.

**Hecker Fink LLP**

3

meeting this high bar. *See, e.g.*, *Tubbs v. Stony Brook Univ.*, 343 F. Supp. 3d 292, 311 (S.D.N.Y. 2018) ("delay may indicate deliberate indifference only when it is 'lengthy and unjustified'" (quoting *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 751 (2d Cir. 2003))); *id.* at 311-12 (noting regulatory guidance describing "60 calendar days" as a typical investigation timeframe and concluding that plaintiff had not shown college's 14-month response was clearly unreasonable).

***Plaintiff's Request for Discovery Is Premature and Inadequate.*** Federal Rule of Civil Procedure 26(d)(1) provides "that a party to a civil action may not seek discovery before the parties have conferred as required by Rule[ ] 26(f), except in certain limited categories of case[s] exempted from the initial disclosure rules or when authorized by Court order." *Doe 1 v. Congregation of the Sacred Hearts of Jesus & Mary*, No. 21-cv-6865, 2022 WL 2901403, at *1 (S.D.N.Y. July 22, 2022) (alterations in original). The parties here have yet to engage in a Rule 26(f) conference, and therefore any request for discovery is premature. Moreover, Plaintiff has not identified any specific discovery materials he seeks, or any irreparable injury he would face without it, that would justify expedited discovery here. *See, e.g.*, *Shaughnessy v. Scotiabank*, No. 22-cv-10870, 2024 WL 1350083, at *14 (S.D.N.Y. Mar. 29, 2024) (denying expedited discovery where party did not allege that denial of expedited discovery would result in irreparable injury).

***Plaintiff's Proposed Amendment Is Futile.*** Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, courts "freely give leave" to amend pleadings "when justice so requires," but it is "proper to deny leave to replead where . . . amendment would be futile." *Jones v. Cuomo*, 542 F. Supp. 3d 207, 226 (S.D.N.Y. 2021) (quotation marks omitted). Plaintiff's proposed amendment does not remedy the defects in his complaint, *see* ECF 12, 17, & 29, and therefore would be futile. Among other defects, even with Plaintiff's new proposed state law claims, there is no federal question jurisdiction; Plaintiff has admitted that his federal claims are untimely and are not revived by the ASA. *See* ECF 24 at 15; *see also* ECF 17 at 2 n.1; *Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 108–11 (2d Cir. 2023). And the Court still lacks diversity jurisdiction because Plaintiff and Columbia are both residents of New York. *See, e.g.*, ECF 1 ¶¶ 21, 22; *see also* ECF 17 at 2. Accordingly, for all the reasons previously raised to this Court, *see, e.g.*, ECF 17 & 29, not only should Plaintiff not be permitted to amend his complaint, but his complaint should be dismissed pursuant to the *in forma pauperis* statute.

Respectfully submitted,

*/s/ Gabrielle E. Tenzer*

Gabrielle E. Tenzer

cc:   Plaintiff John Doe (via mail & email)

## AFFIRMATION OF SERVICE

I, Gabrielle E. Tenzer, declare under penalty of perjury that on August 16, 2024, I caused to be served a copy of this Letter via electronic and physical mail to the following addresses:

John Doe
PO Box 209
Buffalo, NY 14215
Jddoe591@gmail.com

Date: August 16, 2024   By: _____
New York, New York          Gabrielle E. Tenzer
                            HECKER FINK LLP
                            350 Fifth Avenue, 63rd Floor
                            New York, New York 10118
                            Telephone: (212) 763-0883
                            gtenzer@heckerfink.com

                            *Counsel for Defendant*