UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

August 16, 2024

Honorable Dale E. Ho
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square New York, NY 10007

*Re: Redactions and Sealing Letter to Judge Dale E. Ho – Doe v. Columbia University, No. 23-cv-10393*

Dear Judge Ho,

I write to express concern about the handling of the redactions and sealing issues in the case *Doe v. Columbia University*. As the plaintiff proceeding pro se, I believe the court's recent orders and Columbia's sweeping redactions have severely prejudiced my ability to present my case and are inconsistent with well-established Second Circuit precedent. **The redactions go far beyond protecting legitimate privacy interests and appear designed to improperly shield Columbia from scrutiny.**

Specifically:

1. Columbia has redacted references to relevant *Second Circuit case law and legal holdings* that support my arguments for rescission. This prevents the Court from considering binding precedent.
2. Columbia redacted *entire pages of publicly available court filings* from *Nungesser v. Columbia*, which detail relevant misconduct by Columbia. These documents are already in the public domain.
3. The redactions remove nearly all substantive content from my filings, making it impossible for the Court to fairly evaluate my claims.

These overbroad redactions severely prejudice my ability to present my case and appear to violate the strong presumption of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (holding "the district court abused its discretion in sealing the documents at issue because a court's discretion to seal judicial documents is limited by the presumption of public access").

**I respectfully request that the Court review the unredacted versions of my filings in camera and order Columbia to remove improper redactions that do not protect legitimate privacy interests. At minimum, all case law citations and publicly available documents should be unredacted.**

The Court's wholesale acceptance of Columbia's improper redactions (ECF No. 39-2), which remove relevant case law citations and publicly available exhibits, appears overbroad and unjustified. Redacting legal authority that supports my arguments for recission, as well as publicly available exhibits and references to case filings accessible in *Nungesser v. Columbia*, deprives the court of relevant information and hampers my ability to present my claims. *See In re Savitt/Adler Litig.*, No. 95-CV-1842 (RSP/DRH), 1997 U.S. Dist. LEXIS 23671, at *5-6 (N.D.N.Y. Feb. 21, 1997) (denying sealing of complaint exhibits that were already public).

**Key Concerns:**

- **Improper Redactions of Legal Authority:** Columbia has completely redacted references to relevant Second Circuit case law, including case names, holdings, and citations that directly support my arguments for rescission of the underlying settlement agreement. This is highly irregular and improper. Redacting legal authority that is unfavorable to Columbia's position denies me the ability to fully present my arguments and prevents the Court from considering applicable precedent. Such redactions undermine the adversarial process and cannot be justified under any legitimate confidentiality concern. *See Lugosch*, 435 F.3d at 119-20 (discussing presumption of public access to judicial documents); *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) ("A court's authority to oversee discovery and control the evidence introduced at trial does not give it the power to impinge on the public's right of access to judicial documents.").
- **Redactions of Publicly Available Exhibits:** Columbia has redacted entire pages of exhibits that are publicly available, detailing my alleged rapist's prior misconduct against another student (a white male student) in the case of *Nungesser v. Columbia University*. *See Nungesser v. Columbia Univ.*, 244 F. Supp. 3d 345 (S.D.N.Y. 2017). Columbia has redacted not only the substance of these public court documents, but even the case name and citation. There is no proper basis to redact information that is already in the public domain and part of a judicial record. *See Doe v. Lerner*, 688 N.Y.S.2d 142, 144 (N.Y. App. Div. 1999) ("The court's redaction power should be used sparingly and only upon a compelling showing of necessity."); *Newsday LLC v. County of Nassau*, 730 F.3d 156, 165 (2d Cir. 2013) ("[T]here is a strong presumption of public access to documents filed with a court."). Removing all references to the *Nungesser* case prejudices me by concealing a highly relevant pattern of misconduct by the accused student.
- **Inconsistent and Prejudicial Orders:** Your Honor's August 8, 2024 order (ECF No. 42) requiring UCLA Professor Volokh to respond to the redacted opposition (ECF No. 39-2) by August 16 directly conflicts with the August 1, 2024 order (ECF No. 36) allowing me until August 23 to object to the redactions. This effectively overrides my right to review and challenge overbroad redactions without explanation. Denying a plaintiff the opportunity to be heard on sealing violates due process. *See Newsday LLC v. County of Nassau*, 730 F.3d 156, 163-64 (2d Cir. 2013). The inconsistent orders undermine my rights as a plaintiff and create an appearance of unfairness. Due process requires that I be given notice and a fair chance to be heard before the Court accepts Columbia's self-serving redactions. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The

fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"); *In re Basciano*, 542 F.3d 950, 956 (2d Cir. 2008) ("Due process requires that courts provide notice and an opportunity to be heard before imposing any kind of sanctions.").
- **Potential Preferential Treatment:** The conflicting orders and denial of a meaningful opportunity to challenge the redactions raise serious questions about whether Columbia is being afforded preferential treatment in this litigation. A court's discretionary powers must be exercised in an even handed manner, not to advantage one side over the other. *See In re Basciano*, 542 F.3d at 958 ("[A] court must exercise its discretion in a way that does not appear to endorse either party's position."); *United States v. Dwyer*, 539 F.2d 924, 928 (2d Cir. 1976) (courts must maintain "the appearance of impartiality" and "avoid any action that may give the appearance of favoring one side over the other").

Columbia's overbroad and legally unfounded redactions are a deliberate effort to hinder a victim's ability to litigate a case against it and to conceal information that is damaging to Columbia. The Second Circuit has made clear that redactions must be narrowly tailored and justified, not used as a tactic to selectively hide unfavorable information. *See Newsday*, 730 F.3d at 165 ("[T]he presumption of access is not easily overcome."); *Giuffre v. Maxwell*, 325 F. Supp. 3d 428, 445 (S.D.N.Y. 2018) ("Redactions are an appropriate tool to balance public access with privacy interests, but redactions must be limited to information that is sensitive or legally protected.").

I am deeply concerned these rulings undercut my ability to prosecute my case and appear to favor Columbia's interests over judicial transparency and my rights as a litigant. When a court's orders "cannot be located within the range of permissible decisions" or are based on "an erroneous view of the law," they are an abuse of discretion. *In re City of New York*, 607 F.3d 923, 943 n.21 (2d Cir. 2010). Granting Columbia broad redactions while simultaneously cutting off my ability to challenge them is both prejudicial and contrary to Second Circuit precedent on sealing.

Given these serious issues, I respectfully request that the Court:

1. Reconsider the scope of Columbia's redactions and allow me a full and fair opportunity to object to them, as originally contemplated by the August 1 order. *See In re Savitt/Adler Litig.*, 176 F.R.D. 44, 46 (N.D.N.Y. 1997) (requiring a party to provide "an explanation of the need for the redaction of each such item" to allow the court to "make specific findings with regard to the propriety of the redaction");
2. Vacate the August 16 deadline for Professor Volokh to respond to the redactions, and instead set a deadline for him to reply after my objections have been fully considered. *See Mathews*, 424 U.S. at 333 ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'");
3. Order Columbia to remove the preposterous and unwarranted redactions and refile the documents in unredacted form to the maximum extent possible, providing a detailed log justifying any remaining redactions. *See Lugosch*, 435 F.3d at 119-20 ("[J]udicial documents are presumptively accessible to the public and [] a substantial showing is

> necessary to restrict access."); *In re Savitt/Adler Litig.*, No. 95-CV-1842 (RSP/DRH), 1997 U.S. Dist. LEXIS 23671, at *5-6 (N.D.N.Y. Feb. 21, 1997) (requiring a party to provide "an explanation of the need for the redaction of each such item" to allow the court to "make specific findings with regard to the propriety of the redaction");

4. I also ask the court to consider appointing pro bono counsel to assist me in litigating these complex issues as a pro se survivor of sexual violence, as authorized under 28 U.S.C. § 1915(e)(1). As an indigent plaintiff asserting claims related to sexual assault and Title IX violations, I believe appointment of counsel is justified here. *See Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986) (courts should consider "the indigent's ability to present the case, [and] the complexity of the legal issues" in deciding whether to appoint counsel).

5. Refer Columbia's counsel's conduct to the Court's disciplinary committee to consider sanctions for litigation abuse. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) (federal courts have inherent power to "fashion an appropriate sanction for conduct which abuses the judicial process").

If the Court is unwilling or unable to address these serious due process and fairness concerns, I will have no choice but to seek emergency relief from the Second Circuit, including a writ of mandamus directing the Court to vacate the August 8 order and afford me a proper opportunity to contest the redactions. *See In re von Bulow*, 828 F.2d 94, 97 (2d Cir. 1987) (granting mandamus to vacate order sealing documents without adequate justification); *Cuyler v. Sullivan*, 446 U.S. 335, 346 n.10 (1980) (appellate courts may exercise supervisory authority to redress "basic unfairness" in lower court proceedings).

I will seek public accountability by sharing my story with the media and exposing Columbia's efforts to conceal the truth about sexual assault on its campus both through institutional abuse and bad faith litigation tactics. The public has a right to know when a prestigious university abuses the judicial process to silence survivors and hide its institutional failures. *See Doe v. Univ. of Conn.*, No. 20-cv-92, 2020 WL 406356, at *1 (D. Conn. Jan. 23, 2020) (noting the "public interest in the disclosure of the details of the process by which the university handles allegations of sexual assault").

I implore the Court to restore basic due process and fairness to these proceedings. As a survivor of rape and sexual violence fighting for justice against a powerful institution, I should not have to battle my assailants and Columbia second time as an unrepresented *pro se* litigant in an equitable court of law.

I sincerely thank the Court for its attention to these issues.


/s/ John Doe