**HeckerFink LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.HECKERFINK.COM

DIRECT DIAL      929.294.2536
DIRECT EMAIL     gtenzer@heckerfink.com

August 30, 2024

**VIA ECF**

The Honorable Dale E. Ho
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Doe v. Columbia University*, No. 23-cv-10393-DEH; *Doe v. Hunter*, No. 23-cv-10394-DEH (related); *Doe v. Kachalia*, No. 23-cv-10395-DEH (related)

Dear Judge Ho:

      On behalf of Defendant Trustees of Columbia University in the City of New York ("Columbia"), and in accordance with the Court's August 1, 2024 Order, ECF 36 ("Order"), we respectfully submit this response to Plaintiff's August 16, 2024 Letter, ECF 44 ("Letter"), which we construe as a response to Columbia's August 7, 2024 proposed redactions, ECF 39 & 40.[1]

      Plaintiff raises three concerns regarding Columbia's proposed redactions: (1) the redaction of references to case law; (2) the redaction of materials that Plaintiff asserts are "already in the public domain"; and (3) the ability of the Court to "fairly evaluate" Plaintiff's claims with those redactions. *See* Letter at 1.

      *First*, in its Order, the Court concluded that the "contents of the parties' confidential settlement agreement" should remain redacted. *See* Order at 6. Columbia therefore proposed redacting from documents filed on the public docket information, including quotations from or citations to case law, that reveal or refer to the contents of the parties' agreement. *See, e.g.*, *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004) (holding that a transcript should remain sealed unless "all confidential information (including references, direct and indirect, to confidential information)" was redacted). To keep confidential the contents of the agreement, Plaintiff's arguments describing those contents—including quotations from, descriptions of, and citations to certain case law—require limited redactions. Accordingly, Columbia's proposed redactions are narrowly tailored to maintain the confidentiality of the parties' agreement, while preserving public access to those portions of Plaintiff's filings that do not refer to the contents of the agreement.

---

[1] All ECF references in this letter are to the docket in *Doe v. Columbia*, No. 23-cv-10393-DEH (S.D.N.Y.).

Hecker Fink LLP

2

*Second*, the Court ordered that non-party students not be identified on the public docket. *See* Order at 6-7. In his filings, Plaintiff included a non-party student's name and identifying details, references to publicly available documents identifying the non-party student, and even copies of entire articles about the non-party student, including one with photographs of the non-party student. *See* ECF 25. Columbia proposed redacting the non-party student's name, personal details that could identify the non-party student, references to publicly available articles identifying the non-party student, copies of articles identifying the non-party student (even excerpts of which could be used to identify the non-party student), and citations to filings in another case that Plaintiff describes as enabling various websites to identify the non-party student. *See United States v. Silver*, No. 15-cr-93, 2016 WL 1572993, at *7 (S.D.N.Y. Apr. 14, 2016) (redacting personal details that might "enabl[e] those familiar with the parties to identify the" pseudonymous non-parties). Even to the extent that these materials are otherwise publicly available or on the public docket in another matter (which we do not believe that they are), they would not have identified this individual as the non-party student in *this* matter, which is what Columbia's proposed redactions are meant to avoid.

*Finally*, Plaintiff previously filed with the Court fully unredacted versions of both ECF 24 and 25. And Columbia provided to both the Court and Plaintiff proposed redactions of those documents shown in yellow highlighting, so that the text proposed for redaction is still visible. *See* ECF 40. The Court therefore can see the materials provided by Plaintiff in their entirety, and the redactions on the public docket will not impede the Court in evaluating Plaintiff's arguments.

Plaintiff's Letter noted other concerns unrelated to Columbia's proposed redactions and sought various other relief from the Court. In light of the Court's Order directing the parties to address issues of sealing and redaction, and because we do not wish to unnecessarily burden the Court, Columbia does not intend to file a formal response to Plaintiff's other requests unless instructed to do so by the Court.

Respectfully submitted,

Gabrielle E. Tenzer

cc:   Plaintiff John Doe (via mail & email)

## **AFFIRMATION OF SERVICE**

I, Gabrielle E. Tenzer, declare under penalty of perjury that on August 30, 2024, I caused to be served a copy of this Letter via electronic and physical mail to the following addresses:

John Doe
PO Box 209
Buffalo, NY 14215
jddoe591@gmail.com

Dated: August 30, 2024
New York, New York

By: _____
Gabrielle E. Tenzer
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
gtenzer@heckerfink.com

*Counsel for Defendant*