UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE, | |
| Plaintiff, | |
| v. | 23 Civ. 10393 (DEH) |
| COLUMBIA UNIVERSITY, et al., | |
| Defendants. | |
| JOHN DOE, | |
| Plaintiff, | |
| v. | 23 Civ. 10394 (DEH) |
| MARCUS JEREMY HUNTER, et al., | |
| Defendants. | |
| JOHN DOE, | 23 Civ. 10395 (DEH) |
| Plaintiff, | |
| v. | **OPINION** |
| NEEL H. KACHALIA, et al., | **AND ORDER** |
| Defendants. | |

DALE E. HO, United States District Judge:

In the above-captioned cases, *pro se* Plaintiff John Doe brings claims against various

defendants under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq*.,

Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"),

42 U.S.C. § 1985(3) ("Section 1985"), and state law.  *See Doe v. Columbia*, No. 23 Civ. 10393,

ECF No. 1; *Doe v. Hunter*, No. 23 Civ. 10394, ECF No. 10; *Doe v. Kachalia*, No. 23 Civ. 10395,

ECF No. 1.  Plaintiff has been granted *in forma pauperis* ("IFP") status in each of these matters.

*See Columbia*, No. 23 Civ. 10393, ECF No. 4; *Hunter*, No. 23 Civ. 10394, ECF No. 4; *Kachalia*,

No. 23 Civ. 10395, ECF No. 3.  Before the Court are various motions and requests for relief,

including:

(1) an August 16, 2024, letter from Plaintiff seeking various forms of relief, including reconsideration of previous rulings by the Court to permit the redaction of certain documents, and sanctions against counsel for Defendant the Trustees of Columbia University ("Columbia"), *see Columbia*, No. 23 Civ. 10393, ECF No. 44 (the "August 16 Letter");

(2) motions by Non-Party Eugene Volokh ("Volokh") to intervene and to unseal the Complaints in *Columbia* and *Kachalia*, *see Columbia*, No. 23 Civ. 10393, ECF No. 15 and *Kachalia*, No. 23 Civ. 10395, ECF No. 11;

(3) a suggestion to dismiss this case *sua sponte*, made via letter briefs submitted by Columbia, *see Columbia*, No. 23 Civ. 10393, ECF Nos. 12 and 17; and

(4) various other requests for relief made by Plaintiff via letter briefs, including a motion for a preliminary injunction, *see Columbia*, No. 23 Civ. 10393, ECF No. 37.

For the reasons set forth below,

(1) Plaintiff's various requests for relief made in his August 16 Letter are **DENIED**;

(2) Volokh's motion to intervene for the limited purpose of unsealing the Complaints in *Columbia*, No. 23 Civ. 10393 and *Kachalia*, No. 23 Civ. 10395 is **GRANTED**, and his motion to unseal the Complaints in those cases is **GRANTED IN PART**;

(3) the Complaints in this case are **DISMISSED** *sua sponte*, as Plaintiff's federal claims are time-barred and the Court declines to exercise its supplemental jurisdiction over Plaintiff's state law claims; and

(4) Plaintiff's various other requests for relief, including a preliminary injunction and other relief described below, are **DENIED** as moot.

## BACKGROUND

### I.  Factual Background

Much of these cases' factual background of these cases is set forth in Chief Judge Swain's

*sua sponte* Order dismissing the original Complaint in *Hunter*, No. 23 Civ. 10394, *see* ECF No. 5

at 3-6.  The Court will not recount those allegations other than to note that, as relevant here, these

cases concern allegations of sexual assault and that the events in question occurred from 2012 to

2014 or 2015, around the time that Plaintiff was an undergraduate student at Columbia University.

## II. Procedural Background

The procedural background of these cases is somewhat complicated, and is set forth in relevant part below.

Prior to the Complaints in these cases, there was litigation in 2019 over substantially the same events. *See Doe v. Columbia*, No. 19 Civ. 11328 (JPO) (S.D.N.Y.) ("*Doe I*"). After a settlement agreement, that action was voluntarily dismissed with prejudice against Columbia in 2020. *See Doe I*, ECF No. 32-1.

The three above-captioned Complaints were filed on November 24, 2023. *See Columbia*, No. 23 Civ. 10393, ECF No. 1; *Hunter*, No. 23 Civ. 10394, ECF No. 1; *Kachalia*, No. 23 Civ. 10395, ECF No. 1. On the same day, Plaintiff filed requests to proceed *in forma pauperis*. *See Columbia*, No. 23 Civ. 10393, ECF No. 2; *Hunter*, No. 23 Civ. 10394, ECF No. 2; *Kachalia*, No. 23 Civ. 10395, ECF No. 2. Plaintiff also filed identical letters seeking to proceed pseudonymously in each case; the letters are dated July 2, 2023 (i.e., before the Complaints were filed), but were docketed on November 24, 2023 in two of the cases, *see Columbia*, No. 23 Civ. 10393, ECF No. 3 and *Hunter*, No. 23 Civ. 10394, ECF No. 3; and on December 5, 2024 in the third case, *see Kachalia*, No. 23 Civ. 10395, ECF No. 4.

In his letter motions seeking pseudonymous status, Plaintiff noted that his "Complaint includes sensitive health information regarding a sexual assault, and medical and psychiatric treatment for these assaults, which could have deleterious consequences if this information became public record." *Columbia*, No. 23 Civ. 10393, ECF No. 3. Plaintiff did *not* request that the Complaints be sealed altogether, but the Clerk of Court, as a precaution given Plaintiff's

motions to proceed under a pseudonym, limited electronic docket access to Plaintiffs'
Complaints to "court users and case participants."

The Court granted IFP status in all three cases. *See Columbia*, No. 23 Civ. 10393, ECF
No. 4; *Hunter*, No. 23 Civ. 10394, ECF No. 4; *Kachalia*, No. 23 Civ. 10395, ECF No. 3.

With respect to Plaintiff's request to proceed pseudonymously, this Court granted the
request in two of the cases on December 5 and 6, 2023, respectively. *See Columbia*, No.
23 Civ. 10393, ECF No. 6; *Kachalia*, No. 23 Civ. 10395, ECF No. 6. While Plaintiff did not
request that the Complaints be filed under seal, this Court, following a decision in the earlier *Doe
I* litigation, *see Doe I*, 19 Civ. 11328, ECF No. 9, *sua sponte* ordered that the Complaints in these
two cases be placed under seal. *See Columbia*, No. 23 Civ. 10393, ECF No. 6 and *Kachalia*, No.
23 Civ. 10395, ECF No. 6.

On January 3, 2024, Columbia filed a letter requesting a conference with the Court and
suggesting *sua sponte* dismissal of the Complaints in *Columbia* and *Kachalia*, in light of "a
confidential settlement agreement between pro se plaintiff John Doe and Columbia" in *Doe I*.
*See Columbia*, No. 23 Civ. 10393, ECF No. 12 (the "*Sua Sponte* Dismissal Request").

On January 3, 2024, Non-Party Volokh filed motions to intervene for the limited purpose
of seeking unsealing of the Complaints in *Columbia* and *Kachalia*. *See Columbia*, No. 23 Civ.
10393, ECF No. 15; *Kachalia*, No. 23 Civ. 10395, ECF No. 11.

On January 10, 2024, *Hunter*, No. 23 Civ. 10394, which was not yet assigned to the
undersigned, was dismissed *sua sponte* by Chief Judge Swain. *See Hunter*, No. 23 Civ. 10394,
ECF No. 5.[1]

---

[1] Plaintiff subsequently filed an Amended Complaint in *Hunter*, No. 23 Civ. 10394, ECF No. 10,
and the case was eventually reassigned to the undersigned as related to the other two above-

On January 18, 2024, Columbia filed a two-and-a-half-page letter drawing the Court's attention to Chief Judge Swain's *sua sponte* dismissal of the Complaint in *Hunter*, No. 23 Civ. 10394, and again suggesting *sua sponte* dismissal of *Columbia* and *Kachalia*, in light of, *inter alia*, the parties' settlement in the *Doe I* litigation and the statute of limitations with respect to the federal claims in these cases. *See Columbia*, No. 23 Civ. 10393, ECF No. 17. With respect to the latter point, Columbia noted that Plaintiff's federal claims are time-barred, and that the New York Adult Survivor's Act "does not revive his federal claims." *Id.* at 2. The letter also requested that the Court hold these cases in abeyance while it considers these issues. *Id.* at 2-3.

On January 24, 2024, the Court ordered that all deadlines in *Columbia*, No. 23 Civ. 10393 and *Kachalia*, No. 23 Civ. 10395 be stayed pending further order, and directed Plaintiff to file a response addressing the issues raised in Columbia's letters, with a letter not to exceed four pages, by February 24, 2024. *See Columbia*, No. 23 Civ. 10393, ECF No. 18.

Later the same day, Plaintiff filed a letter requesting an extension of the deadlines to respond to Volokh's Motions to Intervene and Unseal the Complaints, and to Columbia's letter, stating that he was recently involved in a car accident and sustained a concussion. *See id.*, ECF No. 19. In the letter, Plaintiff also requested the appointment of pro bono counsel. *See id.*

Two days later, on January 26, 2024, the Court granted Plaintiff's request for an extension and ordered that Plaintiff's responses be filed in sixty days, or by March 26, 2024, but the Court denied Plaintiff's application for the appointment of pro bono counsel. *See id.*, ECF No. 20. Plaintiff subsequently requested a second extension for these filings, and on March 28,

---

captioned cases. *See* July 2, 2024 Minute Order. This Court subsequently granted Plaintiff's request to proceed pseudonymously in *Hunter*. *See Hunter*, No. 23 Civ. 10394, ECF No. 22.

2024, the Court granted Plaintiff's request, this time with an extension to May 27, 2024. *See id.*, ECF No. 23.

On May 28, 2024, Plaintiff's Opposition to Volokh's intervention motion and his response to Columbia's letter were docketed. *See Columbia*, No. 23 Civ. 10393, ECF No. 25 (docketed in redacted form at ECF No. 40-2) ("Pl.'s Intervention Opp'n") and ECF No. 24 (docketed in redacted form at ECF No. 40-1) ("Pl.'s Opp'n to *Sua Sponte* Dismissal"). Notwithstanding the Court's directive that Plaintiff's response to Columbia's *Sua Sponte* Dismissal Request be limited to four pages, Plaintiff's filing, styled as a "MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS" totaled 16 single-spaced pages (excluding a cover page and a two-page table of contents). *See* Pl.'s Opp'n to *Sua Sponte* Dismissal. Plaintiff's Opposition to *Sua Sponte* Dismissal—which, as explained below, was subsequently placed under seal and filed in redacted form, *see Columbia*, No. 23 Civ. 10393, ECF No. 39-1—acknowledged that "the ASA does not revive the [Plaintiff's] federal claims," but argued that the Court "has supplemental jurisdiction" over Plaintiff's state law claims. Pl.'s Opp'n to *Sua Sponte* Dismissal 14-15.

On May 30, 2024, Columbia filed a letter requesting that various documents, including Plaintiff's Oppositions, be placed under seal temporarily, until such time that appropriate redactions can be proposed to protect "sensitive information previously omitted from the public docket, including identifying by name a non-party who has otherwise been pseudonymous in this action," as well as "details of a confidential agreement which, to date, have remained confidential pursuant to the agreement's terms." *Columbia*, No. 23 Civ. 10393, ECF No. 26 (the "May 30 Redaction Request"). On May 31, 2024, the Court granted the motion to temporarily seal ECF Nos. 24 and 25 until the issues of sealing and redaction could be decided by the Court,

and gave Columbia until June 14, 2024, to reply to Plaintiff's Opposition to *Sua Sponte*
Dismissal.  *See id.*, ECF No. 27.

On June 3, 2024, Volokh filed a reply to Plaintiff's Intervention Opposition, *see*
*Columbia*, No. 23 Civ. 10393, ECF No. 28.  On June 13, 2024, Defendant Columbia filed its
own response letter to Plaintiff's Intervention Opposition.  *See id.*, ECF No. 29, rendering the
Motions to Intervene and to Unseal fully briefed.

Plaintiff did not file a response to Columbia's May 30 Redaction Request.  On August 1,
2024, more than two months after Columbia had made its request, the Court granted it and, *inter*
*alia*, ordered that Plaintiff's Oppositions at ECF Nos. 24 and 25 remain sealed.  *See Columbia*,
No. 23 Civ. 10393, ECF No. 36 (the "August 1 Order").  After applying the requisite *Olson*
three-part inquiry to determine whether to seal or redact a document, *see Olson v. Major League*
*Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022), the Court determined that Columbia's unopposed
motions to redact were warranted because the documents contained sensitive information related
to non-party students and to the contents of the parties' confidential settlement agreement.  *See*
August 1 Order 5-6 (citing *In re Application of Newsday, Inc.*, 895 F.2d 74, 79 (2d Cir. 1990)).
The Court set a deadline of August 7, 2024 for Columbia to file redacted versions of those filings
to account for the aforementioned confidentiality concerns, and gave Plaintiff until August 23,
2024 to object to any proposed redactions as overbroad via letter motion identifying which
portions of his filings he believes should be unredacted.  *Id.* at 6-7.

On August 5, 2024, Plaintiff filed a letter seeking to "bring to the Court's urgent attention
Columbia University's ongoing failure to properly investigate my sexual assault complaint filed
on July 1, 2024."  *Columbia*, No. 23 Civ. 10393, ECF No. 37 (the "Preliminary Injunction
Letter") at 1.  In his letter, Plaintiff states, "I respectfully renew my request for leave to amend

the complaint to add claims arising from Columbia's July 2024 misconduct . . . . I also request

that the Court order targeted discovery into Columbia's handling of other sexual assault

complaints . . . . Further, I move for a preliminary injunction ordering Columbia to properly

investigate my complaint."  Preliminary Injunction Letter 2.

On August 7, 2024, Columbia filed the required materials pursuant to the Court's August

1 Order, proposing various redactions to Plaintiff's Intervention Opposition and his Opposition

to *Sua Sponte* Dismissal.  *See Columbia*, No. 23 Civ. 10393, ECF Nos. 39-40.  In light of that

filing, on August 8, 2024, the Court issued an Order directing Volokh to reply to the redacted

version of Plaintiff's Intervention Opposition by August 16, 2024.  *See Columbia*, No. 23 Civ.

10393, ECF No. 42.

On August 16, 2024,[2] Plaintiff filed a letter seeking five forms of relief and stating that

the "court's recent orders and Columbia's sweeping redactions have severely prejudiced [his]

ability to present [his] case."  *See Columbia*, No. 23 Civ. 10393, ECF No. 44 (the "August 16

Letter") at 1.  In his August 16 Letter, Plaintiff seeks various forms of relief, including that the

Court: (1)"[r]econsider the scope of Columbia's redactions"; (2) vacate the August 16 deadline

for Professor Volokh; (3) "[o]rder Columbia to remove the preposterous and unwarranted

redactions and refile the documents in unredacted form to the maximum extent possible"; (4)

appoint Plaintiff a pro bono counsel; and (5) "[r]efer Columbia's counsel's conduct to the Court's

disciplinary committee to consider sanctions for litigation abuse."  August 16 Letter 3-4.  In his

letter, Plaintiff warned "[i]f the Court is unwilling or unable to address these serious due process

and fairness concerns, I will have no choice but to seek emergency relief from the Second

Circuit, including a writ of mandamus."  August 16 Letter 4.  He further warned: "I will seek

---

[2] While Plaintiff filed his letter on August 16, 2024, the letter was docketed on August 19, 2024.

public accountability by sharing my story with the media and exposing Columbia's efforts to conceal the truth about sexual assault on its campus both through institutional abuse and bad faith litigation tactics." *Id.*

## DISCUSSION

### I.     Plaintiff's August 16 Letter

The Court begins by addressing the various forms of relief sought by Plaintiff in his August 16 Letter.  For the reasons stated below, each of Plaintiff's requests for relief is **DENIED**.

First, as to Plaintiff's requests that the Court reconsider the scope of Columbia's redactions and order Columbia to remove them, that request is denied as both unnecessary and premature.  Plaintiff expresses the concern that the redactions are overbroad, "making it impossible for the Court to fairly evaluate my claims."  *Id.* at 1.  But the Court and the parties in this matter have access to the full, unredacted versions of Plaintiff's Intervention Opposition, *see Columbia*, No. 23 Civ. 10393, ECF No. 25, and Plaintiff's Opposition to *Sua Sponte* Dismissal, *see Columbia*, No. 23 Civ. 10393, ECF No. 24.  These redactions restrict only the *public's* access to the full documents, not the *Court's* consideration of them.  To be clear, with respect to the Court's consideration of the merits of these issues, Plaintiff is not prejudiced in any way by the redactions.  As explained below, the Court considers Plaintiff's unredacted filings in their entirety in deciding these issues on the merits.

To the extent Plaintiff objects to the scope of Columbia's redactions as overbroad in light of the presumption of public access to judicial documents, the Court notes that, as a practical matter, these redactions were only provisional, as the Court offered Plaintiff an opportunity to contest them as overbroad.  As the Court noted in its August 1 Order, Plaintiff had the

opportunity, by August 23, 2024, to file a letter arguing that Columbia's redactions are overbroad, such that the presumption of public access outweighs the privacy concerns identified by Columbia with respect to any specific redactions.  *See* August 1 Order 7.

Plaintiff did not avail himself of that option and instead filed his August 16 Letter, requesting reconsideration of the Court's previous rulings.  But to the extent Plaintiff opposes any and all redactions to the documents in question, such opposition is waived because Plaintiff did not timely oppose Columbia's motion to redact his Opposition briefs.  Columbia filed its letter-motion to redact them on May 30, 2024.  *See Columbia*, No. 23 Civ. 10393, ECF No. 26. Plaintiff did not file an opposition in the ensuing months, and the Court subsequently issued its order permitting redactions on August 1, 2024.  As it stated in its motion, Columbia sought redactions to, *inter alia*, protect the privacy of third parties, *see Columbia*, No. 23 Civ. 10393, ECF No. 26—just as Plaintiff previously sought and successfully obtained pseudonymous status to protect his own privacy, *see Columbia*, No. 23 Civ. 10393, ECF Nos. 3, 6.  The Court concluded that, for the same reasons that it was appropriate to grant Plaintiff pseudonymous status, it made sense to afford similar privacy protections to other individuals where possible, given the sensitive nature of the allegations in these lawsuits.  *See generally* August 1 Order. The Court also determined that redactions were appropriate to protect confidentiality interests related to the parties' settlement of the *Doe I* litigation.

Although Plaintiff did not, in accordance with the Court's August 1 Order, make a timely filing identifying specific redactions that he contests, in light of Plaintiff's *pro se* status, the Court will extend his deadline to object to any redactions to his Oppositions as overbroad, by filing a letter motion identifying which specific portions of those filings Plaintiff believes should be unredacted, by **September 27, 2024**.  If any such letter motion is filed, Defendants may file

an opposition by **October 11, 2024**.  The process for submitting such filings is specified in the Conclusion of this Order.  The Court will consider the parties' respective filings, and if appropriate, will order the removal of any redactions that are not narrowly tailored to protect the privacy and confidentiality interests identified in the August 1 Order, permitting public access to those portions of the documents in question.  *See* August 1 Order 6.

Second, as to Plaintiff's request that the Court vacate its August 8, 2024 Order giving proposed Intervenor Volokh an August 16, 2024 filing deadline to file a Reply brief, *see Columbia*, No. 23 Civ. 10393, ECF No. 42, that request is denied as moot.  August 16, 2024, has passed, and Volokh has not filed an additional Reply brief.  In any event, the Court acknowledges that its Order directing Volokh to file a Reply to the redacted version of Plaintiff's Opposition brief was issued in error.  When the Court issued its Order, Volokh had already filed his Reply (based on Plaintiff's unredacted Opposition brief), on June 3, 2024.  *See Columbia*, No. 23 Civ. 10393, ECF No. 28.  And Columbia had already filed its own response to Plaintiff's Intervention Opposition, on June 14, 2024.  *See Columbia*, No. 23 Civ. 10393, ECF No. 29.  Thus, Volokh's Motions to Intervene and Unseal have been fully briefed since June 14, 2024.  Again, to be clear, the Court considers Plaintiff's unredacted Opposition brief in its entirety in deciding the merits of Volokh's motion to intervene, as explained below.

Next, as to Plaintiff's request for pro bono counsel, the Court has previously considered and denied such a request.  *See Columbia*, No. 23 Civ. 10393, ECF No. 20.  In his latest filing, Plaintiff states "[a]s an indigent plaintiff asserting claims related to sexual assault and Title IX violations, I believe appointment of counsel is justified here."  *See* August 16 Letter 4.  But there is nothing new in Plaintiff's latest pro bono counsel request that would alter the Court's previous decision.  As noted, unlike in criminal cases, in civil cases, there is no requirement that courts

supply indigent litigants with counsel.  *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).  Even if a court believes a litigant should have a pro bono counsel, a court has no authority to "appoint" counsel under the IFP statute.  A court may only "request" that an attorney volunteer to represent a litigant.  *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa,* 490 U.S. 296, 301-310 (1989).  Moreover, courts do not have funds to pay counsel in civil matters. Courts must, therefore, request the services of pro bono counsel sparingly to preserve the "precious commodity" of "volunteer lawyer time."  *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).  For the reasons stated in the Court's previous order denying Plaintiff's first request for pro bono counsel, the Court denies Plaintiff's second request for pro bono counsel.  *See Columbia*, No. 23 Civ. 10393, ECF No. 20.

Finally, as to Plaintiff's request that the Court "[r]efer Columbia's counsel's conduct to the Court's disciplinary committee to consider sanctions for litigation abuse," August 16 Letter 4, Plaintiff has not identified any litigation abuse.  Columbia's counsel merely submitted proposed redactions to the filings in question, as directed by the Court, which Plaintiff remains free to oppose.  The Court, therefore, denies Plaintiff's sanctions request.

**II.    Volokh's Motions**

The Court next turns to Non-Party Volokh's motions to intervene and to unseal the Complaints in *Columbia*, 23 Civ. 10393, ECF No. 1 and *Kachalia*, 23 Civ. 10395, ECF No. 1 (for purposes of this section, "the Sealed Complaints").  For the reasons set forth below, the Court **GRANTS** Volokh's motion to intervene in *Columbia* and *Kachalia*, and his motion to unseal the Complaints in those cases is **GRANTED IN PART**.  *See Columbia*, No. 23 Civ. 10393, ECF No. 15; *Kachalia*, No. 23 Civ. 10395, ECF No. 11 (collectively "Intervention Motions").

### A. Intervention

#### 1. Legal Standard

Rule 24(b) governs permissive intervention (which appears to be the only form of intervention relevant here) and provides in relevant part that "on timely motion, the court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact."[3]  The Second Circuit has recognized "the broad discretion of the district court when considering permissive intervention." *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 561 (2d Cir. 2005).  *See also H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986) ("The district court's discretion under Rule 24(b)(2) is very broad.").

In considering a motion for permissive intervention under Rule 24(b), "the court's primary consideration is whether intervention will unduly delay or prejudice the adjudication of the rights of the parties whose lawsuits are being invaded." *Calderon v. Clearview AI, Inc.*, No. 20 Civ. 1296, 2020 WL 2792979, at *7 (S.D.N.Y. May 29, 2020).  In addition, courts consider "the nature and extent of the intervenors' interests, whether their interests are adequately represented by the other parties, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191-92 (2d Cir. 1978).

---

[3] All references to Rules are to the Federal Rules of Civil Procedure.  In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

2.      **Application**

Here, Plaintiff submitted a memorandum of law in opposition to Volokh's motions (which the Court considers in its entirety, not only in its publicly available redacted form), but the substance of his arguments goes entirely to the relief that Volokh seeks (i.e., unsealing of the Complaints), rather than to the propriety of intervention. *See generally Columbia*, No. 23 Civ. 10393, ECF No. 39-2.

Nevertheless, the Court considers the factors governing permissive intervention and, as explained below, concludes that it is appropriate here, as it was in *Giuffre v. Dershowitz*, No. 19 Civ. 3377, 2021 WL 5233551, at *3-4 (S.D.N.Y. Nov. 10, 2021), which involved a motion for intervention by a newspaper to unseal various documents that contained sensitive information similar to that at issue in this case.

Volokh is "a law professor who runs the Volokh Conspiracy, a legal blog hosted by Reason Magazine" and who "regularly writes on Title IX issues." Intervention Motions 2. Volokh represents that he "seeks access to the Complaints so he can write and educate the public on a Title IX case involving a prominent university," *id.*, and there is no dispute as to that representation, *see* Pl.'s Intervention Opp'n 1 ("I respect Professor Volokh's academic interest in these cases"). That is a sufficient interest to support intervention, which "is the proper mechanism for a non-party . . . to gain access to information generated through judicial proceedings." *United States v. Alex. Brown & Sons, Inc.*, 169 F.R.D. 532, 537 (S.D.N.Y. 1996), *aff'd sub nom. United States v. Bleznak*, 153 F.3d 16 (2d Cir. 1998). *See also Giuffre*, 2021 WL 5233551, at *4.

As to the adequacy of representation, Volokh's "interest as a purveyor of news is" not in the outcome of the merits of the litigation, and thus is "distinct from the interests of [the

parties]." *Giuffre*, 2021 WL 5233551, at *4.  His "interests are not adequately represented by either party in this case." *Id.*  Finally, as to the most important factor, the possibility of delay, permissive intervention is sought solely for the limited purpose of seeking unsealing of certain documents (here, the Sealed Complaints), and thus "will not delay the lawsuit or prejudice the adjudication of the rights of the original parties." *Id.*

The parties do not meaningfully dispute these points.  As noted *supra*, the Court considers Plaintiff's unredacted Opposition in full, and to the extent that Plaintiff raises objections to Volokh's filing, these go to Volokh's request to unseal the Complaints rather than to intervention.  Accordingly, for the reasons discussed above, permissive intervention for the limited purposes of seeking to unseal the Sealed Complaints is **GRANTED**.

### B.    Unsealing

#### 1.    Legal Standard

Courts in the Second Circuit apply a three-part inquiry to determine whether to seal or to redact a document.  *See Olson*, 29 F.4th at 87-88.  First, a court determines whether a document is a "judicial document," subject to a presumptive public right of access.  *See id.* at 87.  A judicial document is "a filed item that is relevant to the performance of the judicial function and useful in the judicial process." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016).

Second, a court determines the weight of the presumption of public access that attaches to the document, looking to "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Olson*, 29 F.4th at 87-88.  "The presumption of public access exists along a continuum.  The strongest presumption attaches where the documents determine litigants' substantive rights [(e.g.,

where documents are attached in connection with a dispositive motion)] and is weaker where the documents play only a negligible role in the performance of Article III duties," *id.* at 89-90, for example, when documents are attached in connection with discovery disputes.  However, documents do not "receive different weights of presumption based on the extent to which they [are] relied upon in resolving the motion."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006).

"Finally, once the weight of the presumption has been assessed, the court is required to balance competing considerations against it."  *Olson*, 29 F.4th at 88.  "[C]ontinued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim."  *Lugosch*, 435 F.3d at 124.  A court may deny public disclosure of the record only "if the factors counseling against public access outweigh the presumption of access afforded to that record."  *Olson*, 29 F.4th at 88.

### 2.    Application

First, there is no doubt that complaints are judicial documents.  "A complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision."  *Bernstein*, 814 F.3d at 140.

Second, a strong presumption of public access attaches to complaints.  "Complaints have historically been accessible by default, even when they contain arguably sensitive information" and "public access to the complaint and other pleadings has a significant positive role . . . in the functioning of the judicial process."  *Id*. at 141.  Under common law, because complaints are

16

"highly relevant to the exercise of Article III judicial power," "the presumption of access is at its zenith." *Id*. at 142.

Third, the Court considers Plaintiff's unredacted Opposition in full, and agrees that there are important countervailing privacy interests identified by Plaintiff, but concludes that these concerns can be accommodated via pseudonymity rather than through complete sealing of the Complaints. Indeed, Plaintiff publicly filed his Complaints and did not affirmatively request sealing of them, but rather sought only pseudonymity to protect his privacy interests. *See Columbia*, 23 Civ. 10393, ECF No. 6; *Kachalia*, 23 Civ. 10395, ECF No. 6. It was only in an abundance of caution that the Court, following a decision in the previous case brought by the Plaintiff, *Doe I*, ordered *sua sponte* that the Complaints be sealed, *see Columbia*, 23 Civ. 10393, ECF No. 6; *Kachalia*, 23 Civ. 10395, ECF No. 6. But the Second Circuit and district courts within it have generally addressed the type of serious privacy concerns raised by the Plaintiff by permitting pseudonymity and other limited redactions to protect personal information, while otherwise leaving the relevant judicial documents publicly available in redacted form. *See Brown v. Maxwell*, 929 F.3d 41, 48 n.22 (2d Cir. 2019) (unsealing summary judgment record in a "a minimally redacted version . . . to protect personally identifying information such as personal phone numbers, contact lists, birth dates, and social security numbers" as well as "the names of alleged minor victims of sexual abuse" and "deposition responses concerning intimate matters where the questions were likely only permitted—and the responses only compelled—because of a strong expectation of continued confidentiality"); *Davis v. Rumsey Hall Sch., Inc.*, No. 20 Civ. 1822, 2023 WL 6379305, at *3 n.3 (D. Conn. Sept. 29, 2023) (unsealing documents but "accommodat[ing] the countervailing consideration of privacy for alleged victims of sexual abuse by omitting alleged victims' names and identifying information that could allow a

reasonable person who does not have personal knowledge of the relevant circumstances to identify with reasonable certainty [these] individuals").

For its part, Defendant Columbia states it does not oppose unsealing as long as redactions can made to protect the privacy of others and the terms of the parties' confidential settlement. *See Columbia*, 23 Civ. 10393, ECF No. 29 at 3.  That point is consistent with Plaintiff's own request for pseudonymity.

Nevertheless, Plaintiff—despite having affirmatively sought only pseudonymity and not complete sealing of the Complaints—now argues that pseudonymity is insufficient to protect his interests, because (1) "[u]nsealing the complaints detailing my abuse would likely trigger a relapse of [my] symptoms and retraumatize me all over again," Pl.'s Intervention Opp'n 1; and (2) even with pseudonymity, unsealing the details "of these allegations themselves could lead to the identification of plaintiff," *id.* at 2.  The Court takes concerns of this nature seriously.  But they are difficult to credit in this dispute, in light of the fact that Plaintiff himself has made his allegations publicly on numerous occasions: as noted, Plaintiff filed the Complaints publicly and did not request that they be sealed, and he has publicly filed multiple other documents describing his allegations—such as his Intervention Opposition and his Opposition to *Sua Sponte* dismissal—and as noted, he *opposes* redactions to those documents.  *See supra*.[4]

More fundamentally, Plaintiff cites no legal authority supporting the proposition that redactions to protect pseudonymity are insufficient, and that complete sealing of the Complaints is necessary.  Plaintiff cites several cases, *see Columbia*, No. 23 Civ. 10393, ECF No. 25 at 1-2, but each of these cases considered only the issue of pseudonymity and not the complete sealing

---

[4] In his August 16 Letter, Plaintiff also threatened to "shar[e] my story with media" if the Court did not reconsider, *inter alia*, its previous decision allowing Columbia to redact the Oppositions. *See Columbia*, No. 23 Civ. 10393, ECF No. 44 at 4.

of the relevant judicial documents—and several of the cases did not even grant pseudonymous status. *See Doe v. Townes*, 2020 WL 2395159, at *6-7 (S.D.N.Y. May 12, 2020) (recommending denial of pseudonymous status); *Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401, 407 (S.D.N.Y. 2019) (denying plaintiff anonymous status); *Doe v. Colgate Univ.*, 2016 WL 1448829, at *3 (granting pseudonymous status).  Plaintiff cites *Townes*, and purports to quote it as follows:

> Redacting my name would be insufficient to protect my privacy, as "the public filing of a complaint containing detailed allegations of sexual assault, even with names redacted, can still lead to exposure of the plaintiff's identity." *Id.* [*Townes*, 2020 WL 2395159] at *6.

Pl.'s Intervention Opp'n 1-2.  The Court cannot locate this purported quotation in *Townes*, which as noted, recommended *denying* pseudonymous status.  Nor can the Court locate this quotation in the other cases cited by Plaintiff, or in any case at all on Westlaw or LEXIS.[5]

Perhaps the best case for Plaintiff is *Doe v. Town of Lisbon*, 78 F.4th 38 (1st Cir. 2023), in which the First Circuit affirmed a district court's decision denying a similar motion by Volokh. But there, the First Circuit made clear that *Town of Lisbon* was *not* a "sealing/unsealing case," as a version of the complaint in that case was available on the public docket, with only the Doe plaintiff's name redacted, such that "the public ha[d] full access to all information contained in the docket other than one party's name."  *See id.* at 45-46.  Volokh's motion in that case was denied because it sought to pierce pseudonymity, which his motion in this case does not.

In light of the discussion above, the Court concludes that continued sealing of the Sealed Complaints is inappropriate.  Volokh's motion to unseal the Complaints is therefore **GRANTED**,

---

[5] This is troubling, and is not the only instance of Plaintiff offering quotations or summaries of cases that appear to be inaccurate or non-existent. *See infra* n.7.  *Cf. Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 448 (S.D.N.Y. 2023) ("Many harms flow from the submission of fake opinions.").  In light of Plaintiff's *pro se* status, however, the Court will not impose sanctions at this time.

but only **IN PART**.  The Court agrees that some redactions may remain appropriate to address privacy and confidentiality concerns.  But such redactions must be "narrowly tailored" to protect the privacy interests of the Plaintiff and non-parties.  *Bernstein*, 814 F.3d at 144.  They may include "alleged victims' names and identifying information that could allow a reasonable person who does not have personal knowledge of the relevant circumstances to identify with reasonable certainty [these] individuals."  *Rumsey Hall Sch., Inc.*, 2023 WL 6379305, at *3 n.3.

The Court's directions to the parties as to the process for proposing and then finalizing redactions to the Complaints at issue (i.e., those in *Columbia*, No. 23 Civ. 10393 and *Kachalia*, No. 23 Civ. 10395) is set forth in the Conclusion of this Order.

## III.    *Sua Sponte* Dismissal

The Court next considers whether *sua sponte* dismissal is appropriate, and, for the reasons stated below, concludes that it is, and the Complaints are hereby **DISMISSED**.

### A.    Legal Standard

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true.  *Id*. But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions.  *Id*.  (citing *Twombly*, 550 U.S. at 555).  After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id*. at 679.

20

The Court must *sua sponte* dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Rule 12(h)(3). "Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

"Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed." *Clinton v. Houston*, No. 22 Civ. 10188, 2023 WL 2758433, at *2 (S.D.N.Y. Apr. 3, 2023) (citing *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007)). But "district courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted." *Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds).

While the law mandates dismissal on various grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to

raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475, has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. *See Jones v. Nat'l Commc'ns & Surveillance Networks*, 266 F. App'x 31, 33 (2d Cir. 2008).

   **B.    Application**

   It is evident from the face of the Complaints that Plaintiffs' federal claims are time-barred. The applicable statute of limitations for Plaintiff's various federal claims is either three or four years. While "Title IX [itself] does not contain a statute of limitations," *Curto v. Edmundson*, 392 F.3d 502, 504 (2d Cir. 2004), courts in New York apply a three-year statute of limitations to Title IX claims. As the Supreme Court has explained, where a federal statute does not "expressly suppl[y] a limitations period," courts "generally 'borrow' the most closely analogous state limitations period." *Graham Cnty. Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 545 U.S. 409, 414 (2005) (collecting cases). "The most analogous state limitations period for Title IX claims brought in New York state is New York's three-year limitations period for personal injury claims." *Doe v. State Univ. of N.Y. Purchase Coll.*, 617 F. Supp. 3d 195, 205 (S.D.N.Y. 2022) (citing, *inter alia*, *Curto*, 392 F.3d at 504; N.Y. C.P.L.R. 214(5)). For the same reasons, a three-year statute of limitations also applies to claims brought under Section 1985. *See Hernandez-Avila v. Averill*, 725 F.2d 25, 27 n.3 (2d Cir.1984). And finally, claims under Section 1981 "are governed by the catchall four-year statute of limitations prescribed by 28 U.S.C. § 1658." *Fernandez v. M & L Milevoi Mgmt., Inc.*, 357 F. Supp. 2d 644, 649 (E.D.N.Y. 2005).

Here, the events giving rise to these lawsuits occurred from 2012 to 2014 or 2015. *See generally Columbia*, No. 23 Civ. 10393, ECF No. 1; *Hunter*, No. 23 Civ. 10394, ECF No. 10; *Kachalia*, No. 23 Civ. 10395, ECF No. 1. The Complaints were not filed until 2023. *Id.* Accordingly, Plaintiff's federal claims are time-barred.

The Court gives full consideration to the entirety of Plaintiff's Opposition to *Sua Sponte* Dismissal (not just the publicly available redacted version) and finds in it no reason to refrain from dismissing his federal claims *sua sponte* as untimely. *See generally* Pl.'s Opp'n to *Sua Sponte* Dismissal. In addressing the statute of limitations issues, Plaintiff references the New York Adult Survivors Act, N.Y. C.P.L.R. § 214-j ("ASA"), which "created a one-year revival period, starting November 24, 2022, during which adult survivors of sexual assault could sue their abusers despite the expiration of the previously applicable [state-law] statutes of limitation." *Carroll v. Trump*, 650 F. Supp. 3d 213, 218 (S.D.N.Y. 2023). *See* Pl.'s Opp'n to *Sua Sponte* Dismissal 13-14. But he concedes "that the ASA does not revive [Plaintiff's] federal claims," and that "it is true that the ASA does not revive Title IX claims." *See id.* Those concessions are fatal to Plaintiff's federal claims, which are time-barred.[6]

---

[6] *Cf. Austin v. Fordham Univ.*, No. 21 Civ. 6421 (JPO), 2022 WL 4626485, at *11 n.6 (S.D.N.Y. Sept. 30, 2022) (noting, in the Title IX context, that "the Court is not persuaded that the [ASA] will have any impact on the statute of limitations and tolling analysis central to this opinion."). There is no authority for the proposition that the ASA revives other federal claims; the most direct guidance from the Second Circuit is that the analogous New York Child Victims Act, ("CVA"), N.Y. C.P.L.R. § 214-g, does not. *See Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 104 (2d Cir. 2023); *see also id.* at 108 (noting that every other Court of Appeals that has addressed a similar state claim-revival statute in this context has held "that a specialized statute for sexual abuse claims does not render an otherwise untimely Section 1983 or Title IX claim timely."); *BL Doe 3 v. Female Acad. of the Sacred Heart*, 199 A.D. 3d 1419 (4th Dep't 2021) (holding that the CVA did not revive 1983 or Title IX claims, because it is "not a revival statute related to the residual personal injury statute of limitations").

The Court is mindful that it must be cautious with respect to *sua sponte* dismissal. This is particularly true where it is on the basis of an affirmative defense such as the statute of limitations, which ordinarily should not be raised *sua sponte*, as doing so "may be unfair to the plaintiff by rejecting the suit after considerable time and expense has been invested." *Pino*, 49 F.3d at 53-54. But "[n]o such concern arises where, as here, the suit is dismissed at the threshold." *Id.* Here it is "plain from the face of the pleading" that Plaintiff's federal claims are time-barred. *Clinton*, 2023 WL 2758433, at *2. A court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds, *see Abbas*, 480 F.3d at 640, and the Court has done so here. Columbia's letter on January 18, 2024 raised the issue of the statute of limitations, *see Columbia*, No. 23 Civ. 10393, ECF No. 17; the Court offered Plaintiff an opportunity to respond with a four-page letter (i.e., equal to the length of Columbia's submission), *see Columbia*, No. 23 Civ. 10393, ECF No. 18 (directing response); the Court granted Plaintiff a 60-day extension for this four-page letter, *see Columbia*, No. 23 Civ. 10393, ECF No. 20 (extending time to respond by 60 days); then granted Plaintiff a second 60-day extension, *see id*. ECF No. 23 (granting second 60-day extension); and has fully considered Plaintiff's 16-page letter in opposition (notwithstanding the Court's Order that Plaintiff's submission be limited to four pages). And Plaintiff has conceded that the ASA does not revive his federal claims. *See supra*.[7]

---

[7] Although Plaintiff does not explicitly raise the doctrine of equitable tolling with respect to his federal claims in these cases, the Court considers it because Plaintiff stated that Columbia and his limited-scope attorneys in the *Doe I* litigation "incorrectly advised [Plaintiff] his claims were time-barred" in February 2020. Pl.'s Opp'n to *Sua Sponte* Dismissal 4-5. Under New York law, equitable tolling "may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action." *Abbas*, 480 F.3d at 642. The Second Circuit has noted that equitable tolling applies only in "rare and exceptional circumstances." *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005). The plaintiff "bears the burden of showing that the action was brought within a reasonable period of

As to Plaintiff's state law claims, the Court cannot assert diversity jurisdiction over them, as both Plaintiff and at least some defendants in all three cases are alleged to be citizens of New York State. *See Columbia*, No. 23 Civ. 10393, ECF No. 1 ¶¶ 21, 22; *Hunter*, No. 23 Civ. 10394, ECF No. 1 ¶¶ 11, 14; *Kachalia*, No. 23 Civ. 10395, ECF No. 1 ¶ 10. And because all federal claims in these actions are dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."); *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 404 (2d

---

time after the facts giving rise to the equitable tolling . . . claim have ceased to be operational." *Abbas*, 480 F.3d at 642. Plaintiff has not made such a showing here. While Plaintiff contends that he settled the *Doe I* litigation based on purportedly incorrect legal advice about the statute of limitations for some of his claims in that case, this has no bearing on the timeliness of his federal claims in *these cases*, which were all filed in 2023, approximately seven or eight years after the events in question. Plaintiff also states that he did not become aware of his claims in the *Kachalia* case until sometime "after the 2023 settlement," Pl. Opp'n to *Sua Sponte* Dismissal 5, citing a case identified as "2022 WL 2917890" which purports to indicate that the ASA revives otherwise time-barred claims where delay is attributable to repressed memories. *See id*. at 6 ("*See Doe*, 2022 WL 2917890, at *5 (ASA revives claims that were not previously brought due to repressed memory of abuse)"); *id.* at 12 ("*See Doe*, 2022 WL 2917890, at *5 (ASA revives claims that were not previously brought due to repressed memory of abuse)"). This point is irrelevant because, as noted *supra*, the ASA does not revive federal claims. The Court notes, however, that there is no case on Westlaw that the Court can identify with the citation "2022 WL 2917890." Plaintiff's short citation is apparently in reference to a case he fully cites as "*Doe v. Poly Prep Country Day Sch.*, No. 20 Civ. 3628, 2022 WL 2917890 (E.D.N.Y. July 25, 2022)." While the Court was able to identify a similarly captioned case from the same year, *Doe v. Poly Prep Country Day Sch.*, No. 20 Civ. 4718, 2022 WL 4586237, at *1 (E.D.N.Y. Sept. 29, 2022), that case makes no reference to repressed memories or tolling. In any event, setting aside the ASA—which, as noted, is irrelevant to Plaintiff's federal claims—as a general matter, "[i]n other repressed-memory child abuse cases, New York has consistently refused to toll the statute of limitations." *Overall v. Est. of Klotz*, 52 F.3d 398, 400 (2d Cir. 1995).

Cir. 2017) (Calabresi, J., concurring) ("[A]fter all federal claims have been dismissed, the default rule is that federal courts should not decide related state-law claims unless there is good reason for doing so.").[8]

## IV.   Other Matters

In addition to the issues addressed above, there are a number of other requests from Plaintiff remaining on the dockets in these cases.  Specifically:

- Plaintiff makes a request to "remove Defendant Trustees of Columbia University in the City of New York" as a defendant and to "reconsider sua sponte dismissal" in *Hunter*, No. 23 Civ. 10394,[9] but filed this request in all three matters, *see Columbia*, No. 23 Civ. 10393, ECF No. 31; *Hunter*, No. 23 Civ. 10394, ECF No, 16; and *Kachalia*, No. 23 Civ. 10395, ECF No. 23;[10]

- Plaintiff requests to appoint pro bono counsel in *Hunter*, No. 23 Civ. 10394, ECF No. 15; and

- Plaintiff requests a Preliminary Injunction and various other forms of relief related to a 2024 complaint he made to Columbia, which are not pleaded in any of his Complaints, in *Columbia*, No. 23 Civ. 10393, ECF No. 37.

In light of the Court's dismissal of these actions, these requests are **DENIED** as moot.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's various requests for relief in his August 16, 2024 Letter in *Columbia*, No. 23 Civ. 10393, ECF No. 44.  Nevertheless, with

---

[8] Because the Court dismisses the federal claims in these cases as time-barred and declines to exercise its supplemental jurisdiction over Plaintiff's state law claims, it does not address Columbia's argument that Plaintiff's claims are barred by the settlement in *Doe I*, and should be dismissed on that basis.  *See Columbia*, No. 23 Civ. 10393, ECF Nos. 12, 17, 29.

[9] This motion was apparently filed in an effort to prevent this Court from accepting reassignment of *Hunter*, No. 23 Civ. 10394 as related to the other two cases, in which Columbia is also a named defendant.  Plaintiff cannot have meant to drop Columbia as a defendant in *Columbia*, No. 23 Civ. 10393, as Columbia is the only defendant in that case.

[10] The Court notes that, even if Columbia were dropped as a defendant in the *Hunter* litigation, there would still be no jurisdiction in that case, as several of the other defendants are alleged by Plaintiff to be citizens of New York.  *See supra*.

respect to the redacted versions of Plaintiff's Opposition to *Sua Sponte* Dismissal, *see Columbia*, No. 23 Civ. 10393, ECF No. 39-1, and his Intervention Opposition, *see Columbia*, No. 23 Civ. 10393, ECF No. 39-2, Plaintiff may file a letter brief identifying specific portions of those filings Plaintiff believes should be not be redacted, setting forth his reasons and attaching versions of those documents with the portions that he seeks to unredact by highlighting them.  Plaintiff shall file any such letter brief under seal by emailing HoNYSDChambers@nysd.uscourts.gov by **September 27, 2024**.  If any such letter brief is filed, Defendants may file an opposition under seal, by **October 11, 2024**.  The Court will place these filings under seal, consider the parties' respective filings in full, and, if appropriate in light of governing case law, will order the removal of any redactions to the documents in question that are not narrowly tailored to protect the privacy and confidentiality interests identified in the August 1 Order.

The Court **GRANTS** Volokh's motion to intervene and **GRANTS IN PART** his motion to unseal the Complaints in *Columbia*, No. 23 Civ. 10393 and *Kachalia*, No. 23 Civ. 10395.  By **September 27, 2024**, Defendant shall file a letter brief and proposed redactions to the Complaint by attaching highlighted versions of the Complaints with proposed redactions, and providing both to Plaintiff and Chambers (via email at HoNYSDChambers@nysd.uscourts.gov).  By **October 11, 2024**, Plaintiff may file a letter brief proposing any additional redactions he believes are necessary, via the same means.  The Parties are reminded that proposed redactions must be narrowly tailored and must be justified with specificity.  After considering the Parties' submissions, the Court will make an independent assessment as to the propriety of the proposed redactions to the Complaints, consistent with this Order.  *See Travelers Indem. Co. v. Excalibur Reins. Corp.*, No. 11 Civ. 1209, 2013 WL 4012772, at *11 (D. Conn. Aug. 5, 2013) ("Even if the parties were able to agree to which materials should be deemed 'confidential,' . . . it remains

incumbent on the court to make particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons.").

The Court *sua sponte* **DISMISSES** the Complaints in all three cases because Plaintiff's federal claims are time-barred and the Court declines to consider Plaintiff's state law claims under its supplemental jurisdiction.

The Court **DENIES** all other pending requests for relief as moot in light of the dismissal of the Complaints.

To the extent Plaintiff believes the defects in his Complaints identified in this Opinion and Order may be cured via amended pleadings, he may file a motion for leave to amend in any of the above-captioned cases, attaching a proposed Amended Complaint as an exhibit, within **30 days** of the date of this Opinion.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully requested to docket this order in the three above-captioned cases, to mail this order to *pro se* Plaintiff, and to terminate the following:

- ECF No. 31 in *Columbia*, No. 23 Civ. 10393.

- ECF Nos. 15, 16 in *Hunter*, No. 23 Civ. 10394.

- ECF No. 23 in *Kachalia*, No. 23 Civ. 10395.

SO ORDERED.

Dated: September 11, 2024
       New York, New York

DALE E. HO
United States District Judge