In Re: Request for Extension of Deadline in Case No. 1:23-cv-10393-DEH, Judge Dale E. Ho

John Doe, Pro Se Plaintiff,

v. Columbia University et al.

Columbia University, Defendant

To the Honorable Judge Dale E. Ho:

I, John Doe,, the pro se plaintiff in the above-captioned case, respectfully request a 60-day extension of the January 26, 2024 deadline *(in response to non-party UCLA Law Professor Eugene Volokh's letter to unseal)* [ECF 16] and February 24, 2024 deadline (*in response to Defendant Columbia's letter captioned "Dismissal of Plaintiff's Complaint in Doe v. Hunter"*) [ECF 18].

This request is necessitated by unforeseen circumstances beyond my control that have significantly impacted my ability to meet the current deadlines.

Grounds for Extension:

Last week, I was unfortunately involved in a car accident and sustained a concussion as a result. This injury has caused significant difficulties, including:

- Cognitive impairment: The concussion has affected my memory, concentration, and ability to process information, making it challenging to review documents, conduct legal research, and prepare filings with the necessary precision and thoroughness.
- Physical limitations: I am currently experiencing severe headaches, dizziness, and fatigue, which limit my ability to work for extended periods and access necessary resources, such as libraries and courthouses.
- Medical appointments and treatment: I am undergoing ongoing medical evaluations and treatment for my concussion, requiring me to attend appointments and follow doctor's orders, further limiting my available time and energy for case preparation.

Case Law in Support:

The Federal Rules of Civil Procedure, Rule 6(b)(1), allow courts to grant extensions of time "upon motion for good cause shown." New York courts have likewise upheld the importance of considering good cause when determining extensions, as exemplified in *Davis v. Comm'r of Soc. Sec.*, 11-CV-5101 (EDNY Nov. 14, 2011), which states: "Any request for an extension of

time shall be made in writing, in advance of the deadline, and shall demonstrate good cause for the extension."

In my case, the unforeseen medical consequences of the car accident constitute good cause for an extension. My current cognitive and physical limitations demonstrably hinder my ability to effectively prepare and file the required documents by the current deadlines. Granting this extension would not prejudice the defendant as it would not significantly delay the overall progress of the case.

Pro Se Plaintiff Status:

As a pro se plaintiff, I am representing myself without the assistance of legal counsel. This further burdens my workload and underscores the need for additional time to adequately fulfill my responsibilities in this case.

Defendant Columbia's Post-Settlement Misconduct and Unconscionability of 2020 Settlement

Finally, I seek leave to file a motion for pro bono counsel and a motion regarding the unconscionability of the 2020 settlement agreement, as noted in the second paragraph of the Complaint and included below:

*"Plaintiff previously sued Columbia University in this action and seeks to revive these claims under the Adult Survivors Act. Plaintiff also submits this action in contention of the settlement agreement that followed the first initiation of this action against Columbia University on the grounds that it was and is unconscionable. Plaintiff asks permission of the court to submit a motion regarding the unconscionability of that settlement agreement, and to stay a premature dismissal of this action pending judicial review of that motion."*

I respectfully request leave to file a motion arguing two critical points: (1) Defendant Columbia's **ongoing** violation of my rights in direct contravention of Columbia's agreement(s), and (2) the gross substantive and procedural unconscionability of the agreement itself. Granting this extension will prevent potential miscarriage of justice due to premature dismissal or reassignment based on an incomplete understanding of Defendant Columbia's actions that would shamelessly shield Columbia's ongoing contractual and civil rights violations and misconduct.

To ensure a just and comprehensive resolution, I urge the Court to grant a brief extension for filing this crucial motion in addition to responding thoroughly to the existing deadlines ordered by this Court. Dismissal or reassignment at this stage, without considering both Columbia's **subsequent violations** and the flawed and grossly unconscionable nature of the one-sided, oppressive and unfair terms of the 2020 agreement, would deprive me of due process and potentially perpetuate the existing injustice. Dismissal or reassignment at this nascent stage,

absent consideration of both Columbia's post-settlement misconduct, the ongoing harm against Plaintiff, and the blatantly unconscionable nature of the 2020 agreement, would constitute a manifest error under Second Circuit precedent, and would deprive Plaintiff of their fundamental right to due process enshrined in the Fourteenth Amendment and protected by the Second Circuit's interpretations of like cases. As established in *Amadeo v. Microsoft Corp.*, 340 F.3d 110 (2d Cir. 2003), agreements can be deemed unenforceable due to unconscionability, necessitating further examination before any potential dismissal or reassignment.

Conclusion:

For the foregoing reasons, I respectfully request a 60-day extension of the January 26, 2024 and February 24, 2024 deadlines and leave to file the aforementioned motions in this Court. As a pro se plaintiff fighting vigorously against an institution that enabled drug-faciliated sexual assault and continues years later, through this very day and through motion practice in this case, to shield and protect their student-perpetrators, I understand the importance of meeting deadlines and conserving valuable judicial time and resources and would not make this request of the Court if the circumstances were not truly beyond my control. I am committed to diligently pursuing this case and will utilize the extension to fully recover and complete the required tasks to the best of my ability. Thank you for your time and consideration.

Sincerely,

/s/ John Doe
Pro Se Plaintiff
jddoe591@gmail.com

> Application **DENIED** as moot. Plaintiff's motions were previously filed on January 26, 2024 (ECF No. 19) and disposed of by the Court on January 26, 2024 (ECF No. 20).
>
> SO ORDERED.
>
> Dale E. Ho
> United States District Judge
> Dated: October 10, 2024
> New York, New York