UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE,<br><br>                Plaintiff,<br><br>      v.<br><br>COLUMBIA UNIVERSITY, et al.,<br><br>                Defendants. | 23 Civ. 10393 (DEH) |
| JOHN DOE,<br><br>                Plaintiff,<br><br>      v.<br><br>MARCUS JEREMY HUNTER, et al.,<br><br>                Defendants. | 23 Civ. 10394 (DEH) |
| JOHN DOE,<br><br>                Plaintiff,<br><br>      v.<br><br>NEEL H. KACHALIA, et al.,<br><br>                Defendants. | 23 Civ. 10395 (DEH)<br><br>**MEMORANDUM<br>OPINION AND ORDER** |

DALE E. HO, United States District Judge:

In the above-captioned cases, Defendant Columbia University ("Columbia") seeks to redact portions of Plaintiff John Doe's Reply Memorandum in Further Support of Motion to Alter or Amend the Judgment Pursuant to Rule 59(e)[1] ("Plaintiff's Reply"), ECF No. 66 (23 Civ. 10393),

---

[1] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

1

ECF No. 34 (23 Civ. 10394), ECF No. 51 (23 Civ. 10395). *See* Def.'s Mot. to Seal, ECF No. 68 (23 Civ. 10393), ECF No. 36 (23 Civ. 10394), ECF No. 53 (23 Civ. 10395). Plaintiff objects to the request. *See* Pl.'s Opp'n, ECF Nos. 72 (under seal) & 75 (redacted) (23 Civ. 10393), ECF Nos. 40 (under seal) & 43 (redacted) (23 Civ. 10394), ECF Nos. 57 (under seal) & 60 (redacted) (23 Civ. 10395). For the reasons discussed below, Defendant's motions are **GRANTED**.

## BACKGROUND

Much of these cases' factual background is set forth in Chief Judge Swain's *sua sponte* Order dismissing the original Complaint in *Hunter*, No. 23 Civ. 10394. *See* ECF No. 5 at 3-6. The Court will not recount those allegations other than to note that, as relevant here, these cases concern allegations of sexual assault and that the events in question occurred from 2012 to 2014 or 2015, around the time that Plaintiff was an undergraduate student at Columbia University. Prior litigation concerning substantially the same events was initiated in 2019 and settled in 2020. *See Doe v. Columbia Univ.*, No. 19 Civ. 11328 (JPO) (S.D.N.Y. 2020) ("Doe I"). In an Opinion and Order dated September 11, 2024, the Court dismissed these actions as time-barred. *See* Op. and Order, ECF No. 46.[2]

## DISCUSSION

The Court previously granted unopposed motions by Columbia to redact certain information related to the settlement agreement in the *Doe I* litigation. *See* Aug. 1, 2024 Order, ECF No. 36 ("Sealing Order"). Applying the three-part inquiry for determining whether to seal or redact a document set forth by the Second Circuit, *see Olson v. Major League Baseball*, 29 F.4th

---

[2] Except as otherwise noted, all ECF citations refer to the docket of *Doe v. Columbia University*, No. 23 Civ. 10393.

59, 87-88 (2d Cir. 2022), the Court held that various redactions proposed by Columbia were justified. *See* Sealing Order at 6. The Court concluded that: (1) the documents in question were judicial documents to which a presumption of public access attached, *see* Sealing Order at 4; (2) at least some of the documents in question were filed in connection with dispositive motions, such that the presumption of public access was strong, *see id.*; and (3) Columbia asserted a countervailing interest—namely, the need to protect the contents of the parties' confidential settlement agreement, so as to promote settlement in cases involving sensitive allegations— sufficient to overcome the presumption of public access and justify sealing, *see id.* at 5-6 (citing *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143-44 (2d Cir. 2004)). The Court further concluded that Columbia's proposed redactions were narrowly-tailored to serve that interest. *Id.* at 6.

The same conclusions are true here. The document in question is a reply brief in connection with a motion to alter or amend the judgment in this case—it is essentially a dispositive request and, therefore, a judicial document to which a high presumption of public access attaches. And the same interest is asserted here—namely, the sensitivity of the contents of the parties' past settlement agreement, which the Court previously held sufficient to justify narrowly-tailored redactions. *See* Sealing Order at 6. Accordingly, for the same reasons that the Court approved Columbia's proposed redactions in the Sealing Order, it approves them here.

## CONCLUSION

For the reasons stated above, Columbia's request is granted. The Court shall maintain Plaintiff's Reply, ECF No. 66 (23 Civ. 10393), ECF No. 34 (23 Civ. 10394), ECF No. 51 (23 Civ. 10395), under seal. A redacted version of the document may be found on the public docket at ECF No. 70 in 23 Civ. 10393, ECF No. 38 in 23 Civ. 10394, and ECF No. 55 in 23 Civ. 10395.

SO ORDERED.

Dated: October 16, 2025
New York, New York

_____
DALE E. HO
United States District Judge